103 So.2d 181

**COLONIAL LIFE & ACCIDENT INS. CO.**

v.

**Oscar M. SHOTTS, as Guardian.**

**6 Div. 163.**

Supreme Court of Alabama.

Nov. 7, 1957.

Rehearing Denied June 12, 1958.

Fite, Wilson & Fite, and Arthur Fite, Jr., Jasper, for appellant.

Fite & Fite, Hamilton, for appellee.

STAKELY, Justice.

Oscar M. Shotts, as guardian of Kathy Shotts and Debra Shotts, brought this suit

against Colonial Life & Accident Insurance Company, a corporation, on a policy issued by the company on the life of Leon M. Shotts, father of the two children referred to, who died on February 28, 1955.

The policy provides insurance from the date of the policy against loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means during the term of the policy and sustained by the insured in a manner hereinafter described. The policy contains a provision that it is payable for injuries or loss of life sustained by the insured while riding in or driving a truck. The policy provides for a benefit of $10,000 for loss of life except that when the death covered by the provisions of this policy "results from asphyxiation by inhaling any form of gas or vapor, the amount payable shall be one-fifth the amount otherwise payable for accidental death as provided by Part B."

The case was tried before the court without the intervention of a jury with the result that the court entered a judgment for the plaintiff for $2,000, which is one-fifth of the amount payable under the policy for accidental death.

The proof is meager but under all the circumstances, we have concluded that it sustains the action of the court.

On February 28, 1955, the body of Leon M. Shotts was found by one R. L. Moralla, a member of the New Jersey State Police. It was located in the cab of a tractor trailer which was parked in a small, unpaved parking area located along the West Bound Lanes of United States Highway 92, in Clinton Township, just west of the Highview Diner in the State of New Jersey. The body was found at about 2:00 P.M. It was in the cab and was slumped over on its side with the head resting against the door just below the window. The cab was closed. The motor was not running. The gas tank was empty. The body was cold and the witness did not undertake to say how long the deceased had been dead. The so-called Parking Lot is 35 feet wide and 55 feet long and lies approximately ten feet from the north edge of the westbound lanes of the highway. The key to the ignition of the truck was in a vertical position, which is "the on" position. The gas tank was empty and the battery was dead. Beside the body was found a metal suit case containing personal belongings. Death was the result of carbon monoxide poisoning.

It is first insisted by the appellant that there is no liability under the policy because the policy provides for payment for asphyxiation while riding in or driving of an automobile or truck. It is claimed that there is no evidence that the deceased came to his death while riding or driving a motor vehicle. In other words, the truck was standing still and there was no evidence showing any operation of the truck at the time. It is claimed that the insured met his death through "his voluntary exposure to danger."

■ It is a well known principle that insurance policies being framed by the insurer are to be construed favorably to the insured. Life & Casualty Ins. Co. of Tennessee v. Tollison, 223 Ala. 78, 134 So. 805.

■ Leon M. Shotts died from carbon monoxide poison. While it is true that his body was found in the truck which was not in motion at the time, under the facts the court could find that Shotts became asphyxiated from carbon monoxide poison while the truck was in motion. In other words, he became asphyxiated from carbon monoxide poison and attempted to pull his truck off the road but died before he could get out of the cab.

■ Furthermore, our examination of the authorities makes it clear that death or disability by asphyxiation caused by the unintentional or involuntary inhalation of gas is within the coverage of the policy provisions insuring against injuries caused by external, violent and accidental means. It is worthy of note that the policy in the in-

stant case expressly includes asphyxiation in its coverage. The body was not in a prone position, which is the ordinary sleeping position, but merely was slumped over on the driver's side against the door of the cab. Standard Accident Ins. Co. v. Van Altena, 7 Cir., 67 F.2d 836; Miller v. Inter-Ocean Casualty Company, 110 W.Va. 494, 158 S.E. 706, 76 A.L.R. 1308; 45 C.J.S. Insurance § 777, p. 815.

We think that under all the circumstances the court had the right to find that the insured became asphyxiated from carbon monoxide poison and accordingly he pulled his truck off the road but died before he could get out of the cab or otherwise protect himself. Accordingly, the court was correct in rendering the judgment on the policy for the plaintiff and the judgment so rendered will be here upheld.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.