132 So.2d 248

**MERCANTILE LIFE INSURANCE COMPANY**

v.

**Drenard G. JOHNSON.**

**6 Div. 780.**

Court of Appeals of Alabama.

April 25, 1961.

Rehearing Denied May 30, 1961.

**308**

Bishop & Morris, Birmingham, for appellee.

PRICE, Judge.

This is an action brought by Drenard G. Johnson against the Mercantile Life Insurance Company on a hospital service insurance policy. Suit was filed in the Jefferson County Civil Court. From a judgment in favor of plaintiff, defendant appealed to the circuit court. On the trial in the circuit court, without a jury, judgment was rendered in favor of plaintiff, appellee here. From said judgment the defendant has perfected this appeal.

The case was tried below upon an agreed statement of facts, substantially as follows:

1. The defendant insured the plaintiff against loss incurred for hospital, medical and other expenses resulting from accidental bodily injury.

2. On February 19, 1958, plaintiff was injured in an automobile collision and in-

S. P. Keith, Jr., Birmingham, for appellant.

curred expenses which were covered by the policy of insurance. The amount of defendant's liability to plaintiff, if any, is $163.

3. Plaintiff filed suit against one Bradford, the driver of the automobile in which plaintiff was riding at the time of the accident, claiming damages not only for personal injuries, but also for hospital, medical and other expenses which plaintiff had incurred as a result of the accident.

4. Plaintiff recovered a judgment in said suit against Bradford, as an individual, for personal injuries and for hospital, medical expenses in excess of $163. The judgment was actually paid by Bradford's liability insurance carrier.

5. The policy of insurance involved in the present suit contains the following exception under the heading "Limitations."

"This policy does not extend to, nor cover loss due to, nor expense * * * paid whole or in part by * * * auto * * * liability insurance."

6. The policy was in full force and effect at the time of the accident and timely notice of the accident and the expenses incurred by plaintiff was given the plaintiff.

"6. That the only question to be decided by the court is whether the fact, that the judgment in plaintiff's suit against Bradford was in fact paid and satisfied by Bradford's liability insurance carrier places plaintiff's loss within the exclusion of 'expense * * paid whole or in part by * .* * auto * * * liability insurance.' "

In brief appellant argues "that the only proper interpretation to be given to this particular limitation is that the auto liability insurance means simply liability insurance carried upon an automobile by another person and not by the person who is covered by the contract with appellant."

In 44 C.J.S. Insurance § 21, p. 481, liability insurance is defined as:

"that form of insurance by which insured is indemnified against loss or liability on account of bodily injuries sustained by others, * * *."

The appellee contends the policy provision under consideration is an "other insurance" clause and refers to other insurance purchased by insured. In brief it is insisted, "the provision in the policy excluding from coverage expenses paid by auto liability insurance plainly has reference to any coverage which the appellee might have effected under the standard medical payment coverage under his own automobile liability policy."

In 8 Appleman, Insurance Law and Practice, p. 312, par. 4896, it is said:

"Many automobile liability policies now contain the so called medical indorsement. Under this provision, any passenger or occupant of the insured's car who is injured in accident may recover medical expenses up to a stipulated amount, usually $500 per person. * * * many companies, in view of their experience with the medical indorsement covering occupants of the insured automobile, have now extended the coverage of such clause to include the insured himself."

■ It is a well settled rule that the terms of an insurance policy will be construed most strongly against the insurer and where the words of a policy are ambiguous, or where they are capable of two reasonable interpretations, that favorable to the insured will be adopted. Colonial Life and Accident Ins. Co. v. Shotts, 267 Ala. 525, 103 So.2d 181; Volunteer State Life Ins. Co. v. Weaver, 232 Ala. 224, 167 So. 268.

■ Without a further discussion of the matter, we think the arguments of the parties serve to illustrate the ambiguity of the policy limitation involved here, and that

such ambiguity must be resolved in favor of the insured.

We are of the opinion the meaning of the policy is doubtful or ambiguous for another reason. Although the limitation clause of the policy is stipulated to read as set out hereinabove, the policy was attached to the stipulation of facts as Exhibit "A," and was before the trial court as well as this court. The clause under consideration reads:

"This policy does not extend to, nor cover· loss due to, nor expense incurred as a result of; * * * or paid whole or in part by workman's compensation, auto or employer's liability insurance."

We conclude that the word "auto" as used here is of vague, doubtful ·or uncertain meaning. The word "liability" relates to "employer's," and it is not at all clear that the term "auto" standing alone means automobile liability insurance.

Appellant insists that the amount of judgment is erroneous. The judgment was for $181. The amount stipulated was $163.

Interest was claimed in the complaint. By virtue of Title 9, Sec. 62, Code 1940, interest is payable on the amount due under a policy of insurance at the time the policy becomes due and payable under its terms. Aetna Life Ins. Co. v. Wade, 210 Ala. 170, 97 So. 636. The present policy provided for payment "immediately upon receipt of due written proof of such loss." The difference between the amount stipulated and the amount of judgment may properly be treated as interest. Roe v. Brown, 249 Ala. 425, 31 So.2d 599. The date from which the interest began to run does not appear from the record. In the absence of a showing of error, the trial judge's calculations are presumed to be correct.

The judgment is affirmed.

Affirmed.