**Luella E. LEMMONS, widow of Barney L. Tyrney, Appellant,**

v.

**ZURICH INSURANCE COMPANY,** Appellee.

No. 25692.

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1968.

Rehearing Denied Dec. 18, 1968.

Before COLEMAN and MORGAN, Circuit Judges, and HUNTER, District Judge.

MORGAN, Circuit Judge:

■ This appeal questions the granting of a motion for summary judgment to defendant in a direct action by the widow of a deceased welder employed by Houston Contracting Company on a pipeline in Livingston Parish, Louisiana, against defendant Zurich Insurance Company, the general liability insurer of Houston. Zurich's coverage[1] extends only to Houston's executive officers, and the policy does not cover employees of Houston. Thus, Mrs. Lemmons, appellant, can prevail in the instant case only if she can establish that an executive officer or officers of Houston were guilty of negligence causing her deceased husband's death.

Appellant alleged that Houston's executive officers were negligent in not providing a safe place to work, in having the deceased working on a pipeline when they knew or should have known that the wet ground would not support the pipe and skids, and in not supplying safe skids to support the pipe.

The two thrusts of appellant's complaint charge: (1) Jack Slovack, general superintendent of the job, and Benny Harrison, pipe foreman for Houston, with certain acts of negligence; and (2) W. H. Bruyere, a vice president of Houston, with certain acts of negligence.

The first issue that confronts this Court is the question of coverage on Slovack and Harrison under the terms of the policy issued to Houston by Zurich. Both parties by their briefs concede that the contract of insurance issued to Houston provides coverage only to "executive officers". The uncontroverted answers to the interrogatories and the affidavit submitted show beyond doubt that Slovack was the superintendent of the job and was in full charge of the

Frank Bruno, New Orleans, La., for appellant.

David R. Normann, New Orleans, La., Normann & Normann, New Orleans, La., for appellee.

1. "*III. Definition of insured.*—The unqualified word 'insured' includes \* \* \* any executive officer, director or stock- holder thereof while acting within the scope of his duties \* \* \*"

work performed by Houston Contracting Company at Livingston Parish, Louisiana; that Benny Harrison, pipe foreman, and decedent Tyrney's immediate supervisor, was in complete charge of the number of skids to be placed and the manner in which they were to be placed.

The District Court, following the teachings of Bruce v. Travelers Insurance Company, 5 Cir., 266 F.2d 781, determined that neither Slovack nor Harrison were "executive officers" of Houston and that the "executive officer" status is a question of law for the Court to decide. We agree.

Article V, Section 1, of Houston's By-Laws specifically names the officers of Houston and provides that the officers must be elected by the Board of Directors. It reads:

"Section 1. The officers of the corporation shall be chosen by the directors and shall be a president, a vice-president, a secretary and a treasurer. The board of directors may also choose additional vice-presidents, and one or more assistant secretaries and assistant treasurers. Two or more offices may be held by the same person, except that where the offices of president and secretary are held by the same person, such person shall not hold any other office."

Section 3 of Article V provides that the Board of Directors may appoint such "other officers" as it may deem necessary. They hold office for such terms and exercise such powers as the Board determines.

This language is clear. The By-Laws permit Houston to determine who shall be its officers and how they shall be chosen.

As was observed by Judge Wisdom in Bruce v. Travelers Insurance Company, supra:

"No court in this part of the world can ignore the common knowledge that a large oil company having thousands of employees and representatives has hundreds of employees and representatives in positions of great responsibility. But tool pushers, ramrods, supervisors, drilling superintendents, area superintendents, or other employees having responsible duties are not officers, under the unambiguous by-laws of Gulf Refining Company. Nor can it be said a tool pusher or a ramrod or a supervisor at a well location functions in an executive capacity, as 'executive officer' is understood in the ordinary acceptance of the term. The term implies some sort of managerial responsibility for the affairs of the corporation generally and it imports a close connection with the board of directors and high officers of the company. Insurance policies should be construed liberally, but the words of a policy must be given the meaning they ordinarily bear. 'No strained or unusual construction should be given to any of the terms of a policy of insurance, in favor of the insurer or of the insured'. Empire Life Insurance Co. v. Gee, 1912, 178 Ala. 492, 60 So. 90, 92. Or we add, in favor of a third party claimant.

"The distinction between an agent or employee and an officer is not determined by the nature of the work performed, but by the nature of the relationship of the particular individual to the corporation."

The holding in Bruce would be applicable to other corporations with large numbers of employees and with great responsibility. The assertion of appellant against Zurich is for the negligence of Slovack and Harrison. The decision depends on the coverage afforded by the terms of the insurance agreement between Houston and Zurich and both the insurer's and insured's intention as expressed in the agreement. Houston's intentions are found in its charter and by-laws. These documents clearly show that Slovack and Harrison were not "executive officers". Appellant's counter-showing on the motion for summary judgment did not prove that Houston or Zurich intended another meaning.

Appellant further contended that she should recover because of alleged negligence on the part of W. H. Bruyere, a vice-president of Houston. The appellant contends that Bruyere, as an executive officer of the corporation, was negligent in failing to maintain proper working conditions in that there was provided an improper method of supporting large sections of pipe during a rainy period which caused the soil to be slushy and incapable of bearing any weight.

A perusal of the record indicates that Bruyere was only at the work site seven days before the date of Tyrney's injury and, at that time, the muddy conditions did not exist. The records of Houston, presented by Zurich, revealed that the work of laying the pipe had not commenced when Bruyere was on the site.

 Under Louisiana law, appellant has no cause of action against Bruyere as an executive officer of Houston unless appellant can show that such officer had personal knowledge of the dangerous conditions on the site, had authority to correct such conditions and failed to do so. See Adams v. Fidelity & Casualty Company of New York, La.App., 107 So. 2d 496. In the case at hand, the evidence submitted on the motion for summary judgment showed that Bruyere neither knew nor had the opportunity to know nor had reason to know of any possible dangerous condition at the work site on the date Tyrney suffered his injury.

Rule 56 is designed for just such a case as presented by this appeal. By affidavits, the charter and by-laws of Houston, the appellee has shown that there are no genuine issues of fact to be tried. The non-moving party has failed or is unable to controvert the evidence with affidavits or depositions of her own. See United States for the Use of Edward E. Morgan Company v. Maryland Casualty Company, (5 Cir., 1945) 147 F.2d 423, 425. The District Court decided properly in favor of the moving party.

The judgment is affirmed.