243 So.2d 367

**UNITED STATES FIRE INSURANCE COMPANY, a Corporation**

v.

**J. I. McCORMICK et al.**

**6 Div. 481.**

Supreme Court of Alabama.

Dec. 23, 1970.

A. W. Jones, Victor H. Smith, Birmingham, Howell T. Heflin, Charles D. Rosser, guardians ad litem, Tuscumbia, for appellees.

T. Eugene Burts, Florence, for appellant.

MERRILL, Justice.

This appeal in a declaratory judgment proceeding is from a decree requiring appellant insurer to defend certain suits filed against named or additional insureds in a comprehensive general liability policy.

This case presents a question of first impression in Alabama. The first question may be stated thusly:

Can an injured employee, or his dependents in the case of death, proceed under Tit. 26, § 312, Code 1940, as amended, against third parties who are not his employer, when such third parties are co-

employees and executive officers or management officials of the employer corporation?

The second question posed is:

Where a comprehensive general liability policy contains an exclusion as to claims for injuries made by an employee of the insured, and where said policy provides coverage for individuals as "any executive officer, * * * while acting within the scope of his duties as such," what is the effect of the exclusion?

No material factual controversy appears and only questions of law are presented for decision.

Mac's Contracting Company, Inc., a corporation, (hereinafter referred to as Mac's) was, on June 26, 1962, the contractor engaged in laying sewer pipe in the City of Muscle Shoals, Alabama. At that time, J. I. McCormick was the president of the corporation; John Baird was vice-president and acted as general superintendent on the job at Muscle Shoals, and Arthur Bodiford was the sewer foreman on that job, being in charge of some eight to ten men. Mac's and the three aforenamed individuals were respondents-cross complainants in the court below, appellees on this appeal.

Two employees of Mac's, L. Carl Campbell and Clayton Lee Terry, were also working on the Muscle Shoals job on June 26th. Both men were working in a deep trench when a cave-in occurred, causing injury to Campbell and the death of Terry. Both were covered under the Workmen's Compensation Act of the State of Alabama. Campbell and the personal representatives of the deceased, Terry, were respondents in the court below, appellees on this appeal.

After applying for and receiving workmen's compensation benefits, Campbell brought suit in the Colbert County Circuit Court (Case No. 12,614) against McCormick, Baird and Bodiford, individually, seeking damages in the amount of $50,000.-00 for injuries arising out of the accident of June 26th. While receiving workmen's compensation benefits, the widow and minor heirs of Terry brought suit in said court (Case No. 12,955) against McCormick, Baird and Bodiford, individually, seeking damages in the amount of $100,-000.00 for the wrongful death of Terry. Between the filing of these two suits, Campbell filed suit in the same court (Case No. 12,950) naming Mac's Contracting Company a defendant, seeking a final determination and adjudication of his claim for workmen's compensation benefits.

The original bill seeking a declaratory judgment arises out of a demand by Mac's, by letter through its attorneys, that a defense and coverage be afforded McCormick, Baird and Bodiford under Workmen's Compensation-Employer's Liability Policy No. WC 23 48 94, in the suit instituted against them, individually, by Campbell. Demand was subsequently made for the same defense and coverage in the suit instituted by the widow and minor heirs of Terry.

Demurrers filed to the original bill of complaint were overruled. All respondents then filed answers. The bill of complaint was amended and an amended answer was filed thereto by Mac's and J. I. McCormick, et al. The answer of Campbell and Terry, et al. to the original bill of complaint was refiled to the bill of complaint, as amended.

A cross bill filed on behalf of McCormick, Baird and Bodiford adopts the material allegations of the bill of complaint, as amended, and alleges that a separate policy, Comprehensive General-Automobile Liability Policy No. CAG 18 09 67, also issued by United States Fire Insurance Company, affords coverage and defense to the respective individuals in the event Workmen's Compensation-Employer's Liability Policy No. 23 48 94 does not afford such coverage and defense. Both policies list Mac's Contracting Company and J. I. McCormick as *named insureds*.

The decree of the lower court, in pertinent part, is as follows:

"Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:

"ONE: The Court declares that Complainant insurance company is bound to defend the three actions brought against J. I. McCormick, John Baird and Arthur Bodiford in the Circuit Court of Colbert County, Alabama, and attached as exhibits in this cause and described therein as Exhibits B, C and E and numbered 12,614, 12,950 and 12,955, being the three actions at law in said court heretofore referred to in the preamble to this decree and throughout the pleadings and proof in this cause; and Complainant is bound and ordered to pay any judgment that may be rendered against the said J. I. McCormick, John Baird and Arthur Bodiford in said actions at law."

Also pertinent to our consideration on this appeal are the following excerpts from Comprehensive General-Automobile Liability Policy No. CAG 18 09 67:

"COMPREHENSIVE GENERAL-AUTOMOBILE LIABILITY POLICY

"DECLARATIONS POLICY NUMBER CAG 18 09 67

"Name of Insured Mac's Contracting Co., Inc. and J. I. McCormick

\* \* \* \* \* \*

"The named insured is Corporation

\* \* \* \* \* \*

"Insuring Agreements

"I Coverage A—Bodily Injury Liability—Automobile. To pay \* \* \*

"Coverage B—Bodily Injury Liability— Except Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

\* \* \* \* \* \*

"II Defense, Settlement, \* \* \* With respect to such insurance as is afforded by this policy, the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, \* \* \*

"III Definition of Insured. The unqualified word 'insured' includes the named insured and also includes (1) under coverages B and D, any executive officer, director or stockholder thereof while acting within the scope of his duties as such, \* \* \*

"Exclusions

"This policy does not apply:

"(a) to liability assumed by the insured under any contract or agreement except under coverages B and D, (1) a contract as defined herein \* \* \*

\* \* \* \* \* \*

"(f) under coverages A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

\* \* \* \* \*

"(h) under coverage B, except with respect to liability assumed by the insured under a contract as defined herein, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of his employment by the insured;"

Prior to 1947, Tit. 26, § 311, Code 1940, stated in effect that the injured employee or his representative could "proceed either at law against such (third) party to recover damages, or against the employer for compensation under this article, but not against both." Section 311 was repealed

in 1947. Several cases decided prior to that time held that the employee could not sue the employer and the third party and that he had to elect between one or the other. See Western Union Tel. Co. v. George, 239 Ala. 80, 194 So. 183. Section 312, also amended in 1947, provides that where the employee's injury or death was caused by "any party other than the employer," that the employee or his representative "may proceed against the employer to recover compensation under article 2 of this chapter, or may agree with the employer upon the compensation payable under article 2 of this chapter and at the same time may bring an action against such other party to recover damages for such injury or death, · * * *."

The parties agree in brief that there is no Alabama authority which construes the words "any party other than the employer," in § 312, as amended.[1] We note here that the references to Alabama as being among the states which exclude co-employees from the category of "third persons" under the statute in Larson's Workmen's Compensation Law, Vol. 2, § 72.20, note 23; Frantz v. McBee Co., Fla., 77 So.2d 796, and Allman v. Hanley, 5th Cir., 302 F.2d 559, are not apt since Tit. 26, § 311 was repealed and § 312 was amended in 1947.

■ The general rule is where there is no expressed legislative mandate to the contrary, that a co-employee or fellow servant is a third party tortfeasor within the meaning of the Workmen's Compensation Act. Frantz v. McBee Co., Fla., 77 So.2d 796; 58 Am.Jur., Workmen's Compensation, § 61, p. 617, Annotation 21 A.L.R.3d 850; § 3; 101 C.J.S. Workmen's Compensation § 985e, p. 481; Larson's Workmen's Compensation Law, Vol. 2, §§ 72 and 72.10, p. 174.

The statutory definition of "employer" in Iowa is practically the same as in our statute, and in Price v. King, 259 Iowa 921, 146 N.W.2d 328, the court said:

"To hold a co-employee is not a person other than an employer would be the equivalent of saying an employee is an employer, and this we cannot do."

In Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756, we held that the president and principal stockholder of a corporation was covered by workmen's compensation insurance. It would hardly be rational to hold that an officer of a corporation was an employee in that case, but hold him to be an employer when an employee sues him for negligence.

■ We hold that the words in Tit. 26, § 312, as amended, "any party other than the employer," permit co-employees to be treated as third parties. This disposes of assignments of error 4 and 10.

■ Assignments of error 7, 8 and 9 complain of error in the lower court's ruling that appellant owes McCormick, Baird and Bodiford, either or all of them, a defense, coverage, or a defense and coverage under Policy No. CAG 18 09 67. Said policy lists as *named insureds* Mac's Contracting Company, Inc. and J. I. McCormick. Appellant argues that it is under no duty to defend or afford coverage to McCormick, even though he is a named insured, because such protection could only be afforded to him to the extent that he, individually, was an employer. It appears to be undisputed that Campbell and Terry were employees of Mac's, and not the employees of either of the three individuals.

The term "insured" as used in coverages A and B of Policy No. CAG 18 09 67 *is defined by the insurer* to include any executive officer, director or stockholder of the corporation while acting within the line and scope of his duties as such. It is undisputed that McCormick, Baird and Bodiford were, on June 26, 1962, the president, vice-president and sewer foreman, respectively, of Mac's. In the amended bill

---

1. A similar question was considered in Beasley v. MacDonald Engineering Co.,

December 17, 1970, 286 Ala. ——, —— So.2d ——.

of complaint, sub-paragraph F of paragraph XIII would seem to preclude any argument to the contrary:

"F. That the alleged negligence of McCormick, Bodiford or Baird, *is in their supervisory capacity as executive,* * * *." [Emphasis added]

If we should accept appellant's contention that McCormick, a *named insured,* was covered only to the extent that he individually was an employer, we would have a situation in which Baird and Bodiford, additional insureds under the insurer's definition of the word "insured," would enjoy a greater degree of protection under the policy than would McCormick. This we refuse to accept as the intention of the parties to the insurance contract, which is the polestar of all rules of construction. Smith v. Kennesaw Life & Acc. Ins. Co., 284 Ala. 12, 221 So.2d 372. There is nothing in the insurance policy or the record before us that would indicate that, at the time McCormick purchased the insurance protection, at a substantial premium, his intention was that which is argued by appellant.

■ The language used in a policy of insurance is framed by the insurer and is to be construed favorably to the insured. Colonial Life & Acc. Ins. Co. v. Shotts, 267 Ala. 525, 103 So.2d 181.

Appellant further argues that the matter of coverage for McCormick is disposed of by virtue of endorsement G 236A, wherein he, McCormick, allegedly is eliminated as a named insured with respect to the conduct of a business of which he is not the sole owner. Endorsement G 236A is as follows:

"It is agreed that the policy does not apply except in connection with the conduct of a business of which the named insured is the sole owner."

But the following endorsement also appears in the policy:

"It is agreed that as respects the named insured shown under Item 1, Mr. J. I.

McCormick owns the controlling interest in Mac's Contracting Co., Inc."

■■ These two endorsements present doubtful or ambiguous terms which must be resolved in favor of the insured. Canal Ins. Co. v. Stidham, 281 Ala. 493, 205 So.2d 516; Maryland Cas. Co. v. Allstate Ins. Co., 281 Ala. 671, 207 So.2d 657. McCormick testified as follows regarding the latter endorsement:

"THE COURT: I just wanted to ask you about the endorsement in which it is stated on the face of it and attached to the policy, 'Effective on or after 5-1-62, 12:01 a. m. which forms part of policy number CAG 180967 and issued to Mac's Contracting Company, Inc. and J. I. McCormick by United States Fire Insurance Company' and that particular endorsement states, and I read from the policy, 'It is agreed that as respects the named insured shown under item 1, Mr. J. I. McCormick owns the controlling interest in Mac's Contracting Company, Inc.' Now, what I want to ask you about it, was, did you have any recognition (sic) to whether you made the question that this endorsement be placed on the policy or whether it was placed on there by the insurance policy (sic) or their agent and rendered to you without your request?

"THE WITNESS: I believe at the time, I think I owned the building with —Mac's had three officers personally, and I believe that was put on there by recommendation.

"THE COURT: Do you remember any conversation about it to Mr. Warlick?

"THE WITNESS: Yes, sir, I usually always had an endorsement.

"THE COURT: I am testing your recollection as to what you said or he said, or the gist of it with regard to this particular endorsement?

538

"THE WITNESS: You are asking was it my suggestion or his suggestion?

"THE COURT: I am asking you to tell me what you said and what he said at anytime, either before the endorsement was issued or at the time it was delivered, or subsequent to that time. If you ever said anything about this endorsement, to him or whether he ever said anything about it to you?

"THE WITNESS: Yes, sir, I am pretty sure.

"THE COURT: Tell me.

"THE WITNESS: He suggested I needed that because I had vacant property, an office building, and owned things personally and that would be an endorsement to protect me for personal liability, whether it be individual or Mac's. because I owned it."

■ We think we have demonstrated that McCormick, as a named insured, and Baird and Bodiford, as additional insureds, are entitled to defense and coverage under the policy, unless barred by exclusion (h), which we now proceed to discuss.

Appellant argues in brief that (underscoring omitted) " * * * where a public liability policy contains an exclusion as to claims for injury made by an employee of the insured, such exclusion applies as to claims made against an additional insured claiming coverage under the policy if the injured party is an employee of any person insured under such policy; and, further, that where a public liability policy contains an exclusion as to any claim for which the insured or his insurer may be held liable under workmen's compensation, such exclusion operates to exclude an additional insured as well as the named insured from coverage under the policy as to liability for injuries to an employee of the named insured."

In support of its contention, appellant cites and relies heavily on the decision of

this court in Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920, wherein we stated the question presented for decision as follows:

"Where an additional insured under a public liability policy negligently injures the employee of the named insured, is the additional insured prevented from claiming coverage under the policy because of a provision in the policy which excludes from coverage all injuries to an employee of the 'insured'?"

In the *Michigan Mutual* case, supra, we refused to adopt appellant's contention that the phrase, "employee of the insured," should be construed to mean the "employee of the insured against whom suit is being brought," citing a number of cases in support of our position. However, there are distinguishing characteristics between that case and the case at bar; (1) that case involved a dispute between two insurance companies and the favorable presumption in favor of the insured in resolving ambiguities did not apply; and (2) there was no severability of interests clause in that case such as is present in the instant case. Also see American Fidelity and Casualty Co. v. St. Paul-Mercury Indemnity Co., 5th Cir., 248 F.2d 509.

This brings us to another question of first impression in this state, i. e., the effect of the severability provision in the comprehensive policy (CAG 18 09 67) which reads:

"8. SEVERABILITY OF INTERESTS. The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

There is a decided split of authority among the jurisdictions which have considered the question. Some have construed the exclusion strictly against the insurer and held that an employee of an insured, other than the insured who seeks protection, is not within the language of such an exclu-

sion. Others have held that if the injured party is an employee of any person who is insured under the policy, the exclusion is applicable, although he may not have been an employee of the person committing the tort. We need not cite the different cases, but they are cited and discussed in 50 A.L.R.2d 78 and Later Case Service, Vol. 5, p. 82, and cases cited therein. Also see Risjord & Austin, Who is "The Insured?", 24 U. of Kansas City L. R. 65; Risjord & Austin, Standard Family Automobile Policy, 411 Ins.L.J. 199 (1957); Breen, The New Automobile Policy, 388 Ins.L.J. 328 (1955); Thomas, The New Standard Automobile Policy, Other Provisions (Declarations and Conditions), 393 Ins.L.J. 653 (1955); Risjord & Austin, Who is "The Insured" Revisited 28 Ins. Counsel J. 100 (1961); Brown and Risjord, Loading and Unloading the Conflict Between Fortuitous Adversaries, 29 Ins. Counsel J. 197 (1962).

In Curran Development Company, Inc. v. Security Insurance Company, D.Ark., 194 F.Supp. 727, the material facts are similar to those presented in the instant case. A corporation and its treasurer-general manager, David H. Curran, instituted an action against the corporation's liability insurer for a declaratory judgment that the insurer was liable to defend an action for the death of an employee of the corporation and pay any judgment which might be rendered in the action. The insurer in that case, as does the insurer in the instant case, contended that the policy did not apply in such manner as to extend coverage to David H. Curran, by reason of exclusion (k) of the policy, which excluded, under coverage A, " * * * bodily injury to or sickness, disease or death of any employee of the Insured arising out of and in the course of his employment by the Insured; * * *." The District Court concluded, largely on the basis of the holdings in General Aviation Supply Co. v. Insurance Company of North America, E.D.Mo., 181 F.Supp. 380 (1969), and New v. General Casualty Co. of America, M.D. Tenn., 133 F.Supp. 955 (1955), that " * * *

where a policy of insurance contains a severability of interest clause, the inclusion within the policy as to employees of the insured should be limited and confined to the employees of the employer who commits the tort or seeks protection." Curran Development Company, Inc. v. Security Insurance Company, D.Ark., 194 F.Supp., at 732.

A more recent case' involving the construction of a severability of interests clause in an insurance policy is Shelby Mutual Insurance Co. v. Schuitema, Fla. App., 183 So.2d 571 (1966). A policy of automobile liability insurance, similar in pertinent provisions to the one involved in the instant case, was issued to Don Wilson Lincoln-Mercury, Inc. by Shelby Mutual Insurance Company. One Poss, a salesman for the automobile dealer, showed an automobile belonging to the automobile dealer to Schuitema. The automobile was parked on the street in front of the dealership at the time. Poss sat on the passenger's side of the front seat and Schuitema sat on the driver's side. He opened the door on that side, which was then struck by a passing vehicle, causing injury to the salesman, Poss. The insurance company denied Schuitema's request that it extend a defense and coverage to him under the provisions of the insurance policy issued to Don Wilson Lincoln-Mercury, Inc.

Directing its attention specifically to the severability of interests clause contained in the policy, the Florida court stated as follows:

"Under the standard automobile policy in use before 1955 there was a split of authority as to whether coverage was provided under facts similar to the instant case. See Annot., 50 A.L.R.2d 99. In 1955 the insurance underwriters attempted to eliminate the confusion of interpretation then existing by adding the 'severability of interests' clause here involved. It appears to be the virtually unanimous opinion of the legal scholars writing on the subject that the purpose of the addition of the severability of

interests clause was to provide coverage under the facts in the instant case. * * Since the adoption of the severability of interests clause in a policy which would or might apply to several insureds, the term 'the insured', as used in the exclusions and conditions of the policy, means only the person claiming coverage. Thus, for example, the exclusion for injury to an employee of 'the insured' deprives no one of coverage except with respect to his own employees. This is true because the term 'the insured' is used severally and not collectively. Risjord & Austin, Standard Family Automobile Policy, 411 Ins.L.J. 199. We find ourselves unable to adopt a conclusion that the policy affords less coverage than that which the industry generally intended to provide. * * *

"The conclusion that the insuror and the insured intended only to protect the named insured as to third parties not in the status of employees overlooks the fact that, although an insurance policy could be obtained protecting only the named insured, nevertheless, this insurance policy includes, in addition to the named insured, any person using an automobile of the named insured with his permission. * * * The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes 'the insured' for the purpose of determining the insuror's obligations with respect to that claim. The exclusion as to employees of the insured is thus limited and confined to the employees of the employer against whom the claim is asserted. * * *

* * * * * *

" * * * The opposite side of the coin is the result which we reach; that is, where the claimant is not the employee of the additional insured against whom the claim is made, then there is coverage."

Applying the rule of these cases to our present facts, we express its application as follows: The insurance company (appellant) provided coverage and promised a defense to McCormick in a suit of damages for injuries sustained by a party as a result of McCormick's negligence, but the coverage does not apply if the party is an employee of McCormick. The same would apply in substituting Baird's name for McCormick's, and substituting Bodiford's name for McCormick's

Each insured has coverage except with respect to his own employees, and the unqualified word "insured" in the employee exemption (h) means only the person claiming coverage.

The severability of interests provision requires consideration of each insured separately, independently of every other insured whether named or an additional insured. Applying this provision, the exclusion of an employee must mean that the exclusion of an employee of the insured must be limited to an employee of that particular insured who claims coverage under the policy.

We hold that McCormick, Baird and Bodiford were entitled to defense and coverage under Policy No. 18 09 67.

Assignments 1, 2 and 3 charge the trial court with error in ruling that appellant owed McCormick, Baird and Bodiford, or either of them, coverage and defense under the Employees Liability Aspect of Policy No. WC 23 48 94. In view of what we have already said, we merely add that we do not think the trial court specifically ordered appellant to take action under specific policies, but ordered a defense to the suits against McCormick, Baird and Bodiford.

These three men were sued for substantial damages in Case No. 12,614 and No. 12,955. Section II under "Insuring Agreements," Policy No. CAG 18 09 67, provides that " * * * the company shall: (a) defend any suit against the insured alleging such injury, * * * *even if such suit is groundless, false or fraudu-*

*lent; * * *."* (Emphasis added) We think this quoted phrase, in language selected by the insurer, too clear to require judicial construction.

The same provision was in the policies considered in Bankson v. Accident & Casualty Co., 244 Ala. 371, 13 So.2d 398(3), and American Mut. Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677.

There is no merit in assignments of error 1, 2 and 3.

Assignments of error 5 and 6 are to the effect that the lower court erred in ruling by its decree that appellant owes Mac's coverage and a defense under Policy No. CAG 18 09 67, issued by appellant, in the suit brought against said corporation in the Colbert County Circuit Court (Case No. 12,950). That case, brought by Campbell, names only Mac's Contracting Company as defendant. The decree of the chancellor is incorrect to the extent that it orders the insurer to provide a defense and coverage to McCormick, Baird and Bodiford in Case No. 12,950. Appellant states in brief that a defense has been interposed for Mac's in that case. The decree, therefore, must be modified, eliminating therefrom that portion directing that the insurer owes coverage and a defense to McCormick, Baird and Bodiford in Case No. 12,950, which is one of the "three" cases mentioned in the decree.

Assignment of error 12 charges that the trial court erred in overruling the motion for rehearing.

 A decree denying an application for a rehearing in equity, which does not modify the original decree, as here, is not subject to review on assignments of error from the final decree. Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797.

■ Counsel for the minor appellees also ask that this court fix the fee for representation as guardian ad litem on this appeal. In the lower court, counsel was awarded a fee of $1,250.00. Under the circumstances of this case, we feel an additional fee of $600.00 for representation as guardian ad litem on this appeal is reasonable, said fee to be assessed as part of the costs. It is so ordered. Tit. 7, § 180, Code 1940; Commercial Standard Ins. Co. v. New Amsterdam Cas. Co., 272 Ala. 357, 131 So.2d 182.

Subject to the modification already noted, the decree is affirmed.

This case was originally assigned to another member of the court, but was recently reassigned to the author of this opinion.

Modified and affirmed.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.