**UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Plaintiff,**

v.

**Wilmer WARHURST et al., Defendants.**

**Civ. A. No. 71-588.**

United States District Court,
N. D. Alabama,
Northwestern Division.

Dec. 30, 1971.

Ollie Blan, Jr., Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., for United States Fidelity & Guaranty Co.

John C. Martin, Tuscumbia, Ala., for Wilmer Warhurst and King Stove & Range Co., Inc.

James L. Hunt, Tuscumbia, Ala., for Charles Nichols.

## ORDER

LYNNE, Chief Judge.

The above-styled cause came on to be heard on the regular motion docket of December 3, 1971, upon motion for summary judgment filed in behalf of plaintiff, United States Fidelity & Guaranty Company. Through its motion plaintiff seeks to establish that it is not legally obligated under the terms of a liability insurance policy either to provide de-

fense for or to pay any judgment rendered against defendant, Wilmer Warhurst, who has recently been sued in the Circuit Court of Colbert County, Alabama. The pertinent provisions of the said insurance policy expressly require the plaintiff to defend civil lawsuits filed against and to pay damages incurred by "any executive officer, director or stockholder" of King Stove & Range Company, Inc. The sole issue raised by plaintiff's motion is whether defendant Warhurst is an "executive officer" of King Stove & Range within the meaning and intendment of the policy language.

The facts relevant to this issue have been fully developed for the Court through the affidavits and discovery documents on file and may be briefly summarized as follows. Defendant Warhurst is neither an elected officer, director, nor shareholder of King Stove & Range. At all material times, Warhurst has served as foreman of the Press and Shear Department, which is an integral part of the Gas Heater Department of King Stove & Range. There are ten clearly identifiable departments within the King Stove enterprise. As a foreman, Warhurst exercises supervision over approximately 22 employees who work within his department. His specific intra-departmental duties and powers include (1) the assignment of work, (2) the recommendation of discipline, discharge, and promotion, and (3) the responsibility for training workers in the use of safety devices and methods. Warhurst possesses no authority whatsoever outside of his particular department. He performs his duties as foreman under the immediate supervision of the Gas Heater Department manager who is himself not an elected officer or director of King Stove & Range. There are nine other supervisors within the company hierarchy who maintain salaries and authority comparable to that of Warhurst.

The Court, having duly considered the foregoing facts, as well as the oral arguments and briefs submitted by counsel,

is of the opinion that defendant Warhurst is not an "executive officer" of King Stove & Range Company within the ambit of the policy in question. This conclusion is reached only after a studious review of the analogous cases decided by the United States Court of Appeals for the Fifth Circuit, most of which are collected and summarized at Annot., 39 A.L.R.3d 1434, 1436–38 (1971). See, e. g., Bruce v. Travelers Ins. Co., 266 F.2d 781 (5th Cir. 1959); Lemmons v. Zurich Ins. Co., 403 F.2d 512 (5th Cir. 1968); Guillory v. Aetna Ins. Co., 415 F.2d 650 (5th Cir. 1969). See also Employers' Liability Assur. Corp. v. Upham, 150 So.2d 595 (La.App. 1963).

The Court is well aware of the Alabama Supreme Court's decision in United States Fire Ins. Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970), wherein it was summarily held that a corporate president, vice-president, and sewer foreman were "executive officers" within the meaning of an insurance policy using language substantially identical to that of the policy under consideration. However, after carefully probing both the published opinion and the unpublished record of the McCormick case, the Court believes that the Erie doctrine does not require a mechanical extension of the result reached in McCormick to the facts of the case at bar. It is to be observed that there is insufficient factual data presented in the McCormick opinion to determine whether, in classifying the sewer foreman, the Alabama Supreme Court considered the positive criteria of "executive officer" status repeatedly emphasized by the Fifth Circuit. Moreover, it would not seem amiss to infer from the available records that instead of independently determining whether the corporate president, vice-president, and sewer foreman were each to be accorded "executive officer" status, the Alabama court may well have classified the three defendants in an "all or none" fashion. In any event, this Court is not convinced that the Supreme Court of Alabama intended to establish

an ironclad rule to the effect that all plant foremen or supervisors wielding authority comparable to that of the sewer foreman involved in *McCormick* should be treated as "executive officers" of their respective corporations. Absent such a categoric rule, the Court is impelled to follow the rationale of the Fifth Circuit decisions hereinbefore cited, and to find that defendant Warhurst is not an "executive officer" of King Stove & Range Company within the coverage of the policy at issue.

It is accordingly ordered, adjudged and decreed by the Court that plaintiff's motion for summary judgment be and the same is hereby granted, and that the costs of court incurred herein be and the same are hereby taxed against the defendants.