This is an appeal from a declaratory judgment holding that an insurance company had an obligation to defend the president of a corporation but not the foreman. We affirm. *Page 953 
On April 12, 1974, Louis S. Wolsey filed suit against Albert S. Naughton, president of Naughton Equipment Company, and Thomas E. Butler, a foreman, for damages for personal injuries received in a construction accident while employed by Naughton Equipment Company. Aetna Casualty Surety Company, which had a workmen's compensation policy covering Naughton Equipment Company, filed a complaint for declaratory judgment in the Circuit Court of Jefferson County against Naughton, Butler, Wolsey and United States Fidelity Guaranty Company (USFG) which had a policy covering Naughton Equipment Company, to determine whether Naughton and Butler were due to be defended under Aetna's or USFG's policy. Trial was held ore tenus and the court found that Aetna had no obligation or duty to defend either but that USFG had a duty to defend Naughton but not Butler. Wolsey appeals the finding that USFG had no duty as to Butler.
In pertinent part the USFG policy reads as follows:
"II PERSONS INSURED
 Each of the following is an Insured under this insurance to the extent set forth below:
* * * * * *
 (c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such . . ."
The sole issue is whether Butler, a foreman, was an executive officer within the meaning of the USFG policy so as to make him an insured under that policy. We hold that in this case the foreman was not an executive officer under the meaning of the insurance policy and was not due to be defended by USFG.
The evidence was that Butler was employed by Naughton Equipment Company as a foreman and welder; he was paid on an hourly basis; he was not an officer, director or stockholder of the company; and he had no authority to make corporate policy or to make contracts on the company's behalf.
We adopt the principle expressed in numerous Louisiana cases that an executive officer exercises managerial responsibility for the affairs of the corporation generally, while an employee does not. Annot., 39 A.L.R.3d 1434 (1971) (citing, inter alia,Bruce v. Travelers Ins. Co., 266 F.2d 781 (5th Cir. 1959);Guillory v. Aetna Ins. Co., 415 F.2d 650 (5th Cir. 1969);Employers' Liab. Assurance Corp. v. Upham, 150 So.2d 595
(La.App. 1963)). Applying this principle to the evidence, it is clear that Butler was only an employee, not an executive official. Such a finding is not contradictory of U.S. Fire Ins.Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970).
Since the evidence does support the finding that Butler was not an executive officer within the meaning of the USFG policy and since, under the ore tenus rule, every presumption will be indulged in favor of the trial court and its findings will not be disturbed unless plainly erroneous, we affirm.
AFFIRMED.
MADDOX, ALMON, SHORES and BEATTY, JJ., concur.