MADDOX, Justice.
The plaintiff, Doris Sewell, brought a wrongful death suit against J. R. Harris and William Clyde Horton, co-employees of her deceased husband, in which she claimed that they had negligently failed to provide her deceased husband with a reasonably safe place to work and with reasonably safe equipment.
The deceased was employed by Pullman, Inc., and on August 13, 1973, he suffered a job-related injury from which he died on September 5, 1973.
The trial judge, treating the defendant’s motion to dismiss as a motion for summary judgment, decreed:
“Upon consideration thereof, the Court finds that defendants J. R. Harris and William Clyde Horton were either officers, agents, servants or employees of the same employer as plaintiff’s deceased husband, Edgar H. Sewell, and as such, said defendants are immune from plaintiff’s action by the provisions of Section 312, Title 26, Code of Alabama of 1940, as amended by Act No. 1062, which appears in the official Acts of the Legislature of Alabama of 1973.”
Doris Sewell’s motion to reconsider was overruled, and she appeals to this Court.
The issue raised by the parties is a narrow one: Does a party injured prior to the 1973 amendment to Title 26, § 312, have the right to maintain a cause of action against a co-employee as a third-party tort-feasor?
Prior to 1970, § 312 provided that: “Where the injury ... for which compensation is payable . . . was caused under circumstances also creating a legal liability for damages on the part of any person other than the employer the employee . . . may proceed against the employer to recover compensation . . . and at the same time may bring an action against such other party to recover damages for such injury or death . . . .” [Emphasis added.]
In 1970, this Court, deciding a question of first impression, held that the language of § 312 permitted co-employees to be sued as third-party tort-feasors. United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970). The legislature, in 1973, amended § 312 by adding to the pre-existing language the following:
“[Provided, however, neither an officer, director, agent, servant or employee of the same employer nor his personal representative, shall be considered a party other than the employer against whom such an action may be brought.” [Act No. 1062, Acts of Alabama 1973, Vol. Ill, pp. 1771, 1772.]
Unquestionably, the effect of the 1973 amendment to § 312 is to prohibit third-party suits against co-employees. The co-employees argue that the trial court was correct in dismissing the lawsuit because the 1973 amendment is retrospective and that this Court should follow the reasoning of Judge Varner of the United States District Court in Barr v. Preskitt, 389 F.Supp. 496 (1975), and find that the 1973 amendment to § 312 is retrospective in application. In Barr, Judge Varner said that § 312 was remedial, and that the legislature, because it made no attempt to revise pre-existing statutory terminology, intended the proviso from its inception to be construed as a bar to suits against co-employees as joint tort-feasors. We disagree. Mr. Justice Merrill, writing for this Court, in McCormick, reviewed the legislative history of § 312, and said:
“. . . We note here that references to Alabama as being among the states which exclude co-employees from the category of ‘third-persons’ . are not apt since Tit. 26, § 311 was repealed and § 312 was amended in 1947.”
In view of the above, we hold that there is no apparent legislative intent in the 1973 amendment to § 312 that it should be applied retrospectively. See Alabama Power Co. v. Director of Industrial Relations, 36 Ala.App. 218, 54 So.2d 786, cert. denied, 256 Ala. 382, 54 So.2d 789 (1951).
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.