The facts out of which this litigation arose are stipulated and are set out in Guaranty National Insurance Co. v. MarshallCounty Board of Education, 540 So.2d 745 (Ala. 1989). That case was concerned with liability under a general liability policy. This case arose when State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") filed an action for declaratory judgment against Marshall County Board of Education (hereinafter "the Board") and the same supervisory individuals as those involved in Guaranty National, i.e., Kenneth Wilson, Tony Simmons, James Burkes, and Dewey Drain. State Farm is the insurer on a fleet policy insuring over 100 vehicles owned by the Board. The underlying lawsuit by the personal representative of Talley Hayes, Sr., against the Board and the four individuals alleged that while Mr. Hayes was acting within the line and scope of his employment he experienced an accident and a resulting injury from which he later died.
 Count One alleges that Hayes was driving a mini-van that was caused to explode and that he was fatally injured as a result of the explosion. It further alleges that the defendants (the Board, Wilson, Simmons, Burkes, and Drain) had the duty to provide Hayes "a safe place to work and/or a reasonably safe work environment" and that they failed to do so, etc.
 Count Two is by the widow of Hayes and is based on the same theory of liability as Count One.
 Count Three alleges that the defendants "each expressly and/or impliedly warranted that the conditions under which the plaintiff's decedent was working were safe" and that they each "negligently, wantonly and/or willfully breached their duty by failing to provide plaintiff's decedent a safe place to work and/or a reasonably safe work environment."
Hayes was driving a mini-van that was an insured vehicle under the State Farm policy. State Farm sought a judgment declaring that it had no liability to defend the underlying lawsuit or to pay any damages awarded in that lawsuit.
Coverage A under the fleet policy states that State Farm will pay damages that "an insured becomes legally obligated to pay because of: a bodily injury to others. . . ." An "insured" under coverage A is:
"1. you [Marshall County Board of Education];
". . . . *Page 751 
 "4. any other person while using such a car if its use is within the scope of consent of you or your spouse; and
 "5. any other person or organization liable for the use of such a car by one of the above insureds."
There is no coverage:
"2. FOR ANY BODILY INJURY TO:
". . . .
 "b. ANY EMPLOYEE OF AN INSURED ARISING OUT OF HIS OR HER EMPLOYMENT."
State Farm acknowledges that the Board is the named insured under 1. above; that Talley Hayes, Sr., was insured under 4. above; and that "any other person liable for the use of such a car by one of the above named Insureds" would mean that the employee-supervisors (Wilson, Simmons, Burkes, and Drain) of the "named insured" are insured under 5. above. The policy distinguishes between "named insured" and "insured."
State Farm argues, however, that the exclusion set out above applies because Talley Hayes, Sr., was an employee of the named insured (the Board). He was not, however, an employee of the employee-supervisors who are also insureds under the policy.
The trial court agreed with State Farm and entered judgment accordingly. The employee-supervisors appealed. We reverse and remand.
The employee-supervisors insist that State Farm's reliance on this Court's holding in Michigan Mutual Liability Co. v.Carroll, 271 Ala. 404, 123 So.2d 920 (1960), is misplaced. They argue that the facts in this case require us to follow the Court's reasoning in United States Fire Insurance Co. v.McCormick, 286 Ala. 531, 243 So.2d 367 (1970), which distinguished, if it did not overrule, Michigan Mutual.
In United States Fire Ins. Co., as here, an individual employee of the named insured was also an insured who was sued by two other employees of the named insured. There, as here, the insurance company argued that it was under no duty to defend or afford coverage to the individual insured defendant because, it argued, the employee exclusion applied where the plaintiffs were employees of the named insured (a corporation), although they were not employees of the individual defendant. In that case, the insurance company advanced the same argument that State Farm makes here: that an exclusion as to claims of injury made by an employee of the named insured operates to exclude a claim made against an additional insured claiming coverage under the policy if the injured party is an employee of any insured under the policy. The Court rejected that argument and said:
 "The term 'insured' as used in coverages A and B of Policy No. CAG 18 09 67 is defined by the insurer to include any executive officer, director or stockholder of the corporation while acting within the line and scope of his duties as such. It is undisputed that McCormick, Baird and Bodiford were, on June 26, 1962, the president, vice-president and sewer foreman, respectively, of Mac's [one of two named insureds]. In the amended bill of complaint, sub-paragraph F of paragraph XIII would seem to preclude any argument to the contrary:
 " 'F. That the alleged negligence of McCormick, Bodiford or Baird, is in their supervisory capacity as executive * * *.' [Emphasis added.]
". . . .
 "The language used in a policy of insurance is framed by the insurer and is to be construed favorably to the insured. Colonial Life Acc. Ins. Co. v. Shotts, 267 Ala. 525, 103 So.2d 181."
286 Ala. at 536-37, 243 So.2d at 371-72. The Court rejected the insurance company's reliance on Michigan Mutual in the following language:
 "We think we have demonstrated that McCormick, as a named insured, and Baird and Bodiford, as additional insureds, are entitled to defense and coverage under the policy, unless barred by exclusion (h), which we now proceed to discuss.
 "Appellant argues in brief that (underscoring omitted) '* * * where a public liability policy contains an exclusion as to claims for injury made by an employee of *Page 752 
the insured, such exclusion applies as to claims made against an additional insured claiming coverage under the policy if the injured party is an employee of any person insured under such policy; and, further, that where a public liability policy contains an exclusion as to any claim for which the insured or his insurer may be held liable under workmen's compensation, such exclusion operates to exclude an additional insured as well as the named insured from coverage under the policy as to liability for injuries to an employee of the named insured.'
 "In support of its contention, appellant cites and relies heavily on the decision of this court in Michigan Mutual Liability Co. v. Carroll, 271 Ala. 404, 123 So.2d 920, wherein we stated the question presented for decision as follows:
 " 'Where an additional insured under a public liability policy negligently injures the employee of the named insured, is the additional insured prevented from claiming coverage under the policy because of a provision in the policy which excludes from coverage all injuries to an employee of the "insured"?'
 "In the Michigan Mutual case, supra, we refused to adopt appellant's contention that the phrase, 'employee of the insured,' should be construed to mean the 'employee of the insured against whom suit is being brought,' citing a number of cases in support of our position. However, there are distinguishing characteristics between that case and the case at bar; (1) that case involved a dispute between two insurance companies and the favorable presumption in favor of the insured in resolving ambiguities did not apply; and (2) there was no severability of interests clause in that case such as is present in the instant case. Also see American Fidelity and Casualty Co. v. St. Paul-Mercury Indemnity Co., 5th Cir., 248 F.2d 509.
". . . .
 "There is a decided split of authority among the jurisdictions which have considered the question. Some have construed the exclusion strictly against the insurer and held that an employee of an insured, other than the insured who seeks protection, is not within the language of such an exclusion. Others have held that if the injured party is an employee of any person who is insured under the policy, the exclusion is applicable, although he may not have been an employee of the person committing the tort. We need not cite the different cases, but they are cited and discussed in 50 A.L.R.2d 78 and Later Case Service, Vol. 5, p. 82, and cases cited therein. Also see Risjord 
Austin, Who is 'The Insured?', 24 U. of Kansas City L.R. 65; Risjord Austin, Standard Family Automobile Policy, 411 Ins.L.J. 199 (1957); Breen, The New Automobile Policy, 388 Ins.L.J. 328 (1955); Thomas, The New Standard Automobile Policy, Other Provisions (Declarations and Conditions), 393 Ins.L.J. 653 (1955); Risjord 
Austin, 'Who is "The Insured" ' Revisited, 28 Ins. Counsel J. 100 (1961); Brown and Risjord, Loading and Unloading: the Conflict Between Fortuitous Adversaries, 29 Ins. Counsel J. 197 (1962)."
286 Ala. at 538-39, 243 So.2d at 373-74.
We do not think that the decision in United States Fire Ins.Co. turned on the fact that the policy contained a severability of interests clause that said, "The term 'the insured' is used severally and not collectively. . . ." The addition of this clause does not eliminate the ambiguity that exists in the exclusion where there are multiple insureds and the injured party is an employee of one or some, but not all. The ambiguity in the exclusion remains, whether or not the policy contains this clause.
We hold that the trial court erred in holding that State Farm had no duty to defend the Hayes lawsuit against the employee-supervisor defendants.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and KENNEDY, JJ., concur. *Page 753