HOUSTON, Justice
(dissenting).
“[B]ut no employee shall be guilty of willful conduct on account of the intoxi-. cation of any other employee or other person.” Ala.Code 1975, § 25-5-ll(c)(3).
Are the Snows, who were the owners, officers, directors, and managers of Snow’s Machine & Welding, Inc., the employer of Tobbie Lee Holt, Sr., “employee[s]” of Snow’s Machine & Welding, Inc., so as to be relieved of liability because of Holt s intoxication?
Ala.Code 1975, § 25-5-1(6), defines “employee” as including “every person not excluded by [Ala.Code 1975, §] 25-5-50, in the service of another under any contract of hire, express or implied, oral or written.” For purposes relevant to this decision, an officer of a corporation who has not elected to exempt himself from coverage by filing written certification of such election with the Department of Industrial Relations and his insurance carrier is an “employee.” Officers of a corporation are employees of that corporation. Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756 (1963); United States Fire Insurance Co. v. McCormick, 286 Ala. 531, 243 So.2d 367 (1970).
I can find nothing in the record to indicate that the Snows had elected to be exempt from workmen’s compensation coverage. Therefore, I can see no reason why the Snows were not exempt from liability under the intoxication provision of § 25-5-ll(c)(3) pertaining to “willful conduct.” If an employee is intoxicated and his conduct negligently or wantonly causes a co-employee’s injury or death, the intoxicated employee is liable to the injured employee or the injured employee’s dependents or estate without the proof of “willful conduct” necessary to proceed under Ala. Code 1975, § 25-5-ll(c)(l). See Reed v. Brunson, 527 So.2d 102 (Ala.1988). However, if the plaintiff wishes to proceed against a co-employee other than the intoxicated employee, he must prove willful conduct under one of the other subpara-graphs.
There is not even a scintilla of evidence on which to impose liability on the Snows under §§ 25-5-ll(c)(l), (2), or (4). Therefore, the trial court did not err in directing a verdict for the Snows. I would affirm; therefore, I dissent.