AYERS *v.* GENTER.

ANDERSON *v.* SAME.

1. JUDGMENT—RES JUDICATA—WORKMEN'S COMPENSATION.
   The doctrine of *res judicata* is applicable to a decision rendered in workmen's compensation proceedings.

2. SAME—COLLATERAL ESTOPPEL.
   The doctrine of collateral estoppel is applicable to bar plaintiff's right of recovery in tort action against defendant who had been found to be a coemployee in earlier proceeding to recover workmen's compensation in which plaintiff had been proceeded against as a member of a defendant partnership, notwithstanding there may be more numerous issues raised in the tort action.

3. PARTNERSHIP — WORKING PARTNER AS EMPLOYEE — WORKMEN'S COMPENSATION.
   A working partner is not normally considered an employee of a partnership in the absence of statutory sanction but such has been specifically provided in the workmen's compensation act (CLS 1956, § 411.7).

4. SAME—WORKING PARTNER—ACTION AGAINST COEMPLOYEE—WORKMEN'S COMPENSATION.
   A working partner occupies the position of an employee in this State so far as the workmen's compensation act is concerned, and, as such, cannot maintain an action against his coemployee; a partnership being barred for the same reason as the employer's rights are no greater than those of his injured employee (CLS 1956, §§ 411.7, 413.15).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5]  58 Am Jur, Workmen's Compensation §§ 51, 493.
*Res judicata* as regards decisions or awards under workmen's compensation acts. 122 ALR 550.
[3, 4]  58 Am Jur, Workmen's Compensation § 146.
Workmen's compensation: interest in the business or in corporation or firm owning the business as affecting right to compensation. 15 ALR 1288, 81 ALR 644.
[6]  41 Am Jur, Pleading § 342.

5. PARTIES—RES JUDICATA—PARTICIPATION AS WITNESS IN PRIOR
PROCEEDING.
Participation as a witness in a prior proceeding to recover
workmen's compensation does not so qualify an individual
as a party as to prohibit him from maintaining his own
tort action against the defendant who had been found to·
be a coemployee of the partnership of which plaintiff herein
and plaintiff in the workmen's compensation proceeding were
employees, since plaintiff herein is not bound by the prior rul-
ing (CLS 1956, §§ 411.7, 413.15).

6. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.
It was error to grant summary judgment against plaintiff in his
action against defendant for injuries received when defend-
ant was preparing to dynamite some frozen earth on a construc-
tion project on which they were working, where pleadings have·
raised issues of fact upon which plaintiff is not estopped or·
otherwise prevented from being heard.

Appeal from Mason; Stephens (Rupert B.), J.
Submitted January 3, 1962. (Docket Nos. 15, 16,.
Calendar Nos. 49,126, 49,127.) Decided September
20, 1962.

Case by Earl E. Ayers against Clyde C. Genter for·
personal injuries sustained in explosion during con-
struction job excavation. Similar action by Roger·
L. Anderson, employee of Ayers. Summary judg-
ments for defendant. Plaintiffs appeal. Affirmed as·
to plaintiff Ayers. Reversed as to plaintiff Ander-
son.

*Mitts, Smith, Haughey & Packard* (*C. A. Mitts,* of·
counsel), for plaintiffs.

*Charles H. Menmuir,* for defendant.

OTIS M. SMITH, J. As general contractor, defend--
ant Genter entered into a contract with a school dis-
trict in Mason county to construct a new addition.
The Ayers Plumbing & Heating Company, of which.

the plaintiff Ayers is a copartner and plaintiff Anderson is an employee, subcontracted to install a 5,000-gallon fuel oil tank underground outside the school as part of the school's heating system.

On the morning of February 9, 1957, plaintiffs attempted to excavate a hole for installation of the tank by using a crane shovel. However, the shovel was unable to penetrate the frozen surface of the earth. Just as the parties were about to abandon the project for that day, defendant Genter arrived on the scene and suggested dynamiting the frozen earth. Having had prior experience in the use of explosives, defendant Genter assumed some direction of the dynamiting operation. As plaintiff Ayers and Genter were sharpening a drill, an explosion occurred, seriously injuring all litigants. Apparently, sparks from the grindstone set off certain dynamite caps which were on the ground nearby.

Following the accident, both plaintiffs accepted benefits from the workmen's compensation insurance carrier for Ayers Plumbing & Heating Company. The defendant Genter also submitted a claim against the Ayers firm, which was contested on the ground that he was not an employee of Ayers at the time of his injury. The workmen's compensation appeal board sustained an award to Genter; leave to appeal was denied by this Court.

Plaintiffs then proceeded to file respective negligence actions against the defendant Genter. Relying upon the findings of the workmen's compensation appeal board that he, Genter, was in fact an employee of the Ayers firm, and also on our decision in *Sergeant* v. *Kennedy*, 352 Mich 494, that an employee may not sue a coemployee in tort for injuries sustained in circumstances otherwise compensable under the compensation act, the defendant filed a motion to dismiss and then later moved for summary judgment in both actions.

The trial court granted summary judgment against both plaintiffs but on different grounds. In the Ayers case the court ruled a prior determination that the defendant was an employee could not be relitigated between the parties; and since no other question of fact was involved plaintiff was barred by the decision in the *Sergeant Case*. After reviewing defendant's motion for summary judgment in the Anderson suit, the affidavits in support thereof, and pretrial depositions, the trial court concluded that the defendant would have been entitled to an instruction to a jury that the defendant and Anderson were coemployees at the time of the explosion. Hence, under this ruling, the plaintiff Anderson was considered also barred by part 3, § 15 of the compensation act, CLS 1956, § 413.15 (Stat Ann 1960 Rev § 17.189), as interpreted in the *Sergeant Case*. Appeal is taken from the judgments entered in both actions. Since the issues raised in behalf of respective plaintiffs differ somewhat, we shall consider the claims seriatim.

In behalf of plaintiff Ayers, argument is raised that the decision of the workmen's compensation appeal board concerning the defendant's status as an employee is not *res judicata* in a subsequent personal injury action between the parties. It is clear that in this jurisdiction the doctrine of *res judicata* is applicable to a decision rendered in workmen's compensation proceedings. *Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich 352 (28 ALR 874) ; *American Life Insurance Co.* v. *Balmer,* 238 Mich 580 ; *Besonen* v. *Campbell,* 243 Mich 209 ; *Hebert* v. *Ford Motor Co.,* 285 Mich 607. Nonetheless, Ayers claims that the doctrine has no application to his present tort action because the issues raised before the trial court are more numerous than the question determined by the appeal board. He also argues that he is now suing in his own personal right, whereas he was a party in

the workmen's compensation proceeding as a member of the partnership. Although many authorities seem not to distinguish the 2 principles, collateral estoppel rather than *res judicata* herein governs. Granting that issues raised in the tort action may be more numerous, it was adjudged previously that the defendant Genter was an employee of Ayers at the time of his injury. As to this particular issue, plaintiff Ayers is now estopped from relitigating it. *Jones* v. *Chambers,* 353 Mich 674; *Besonen* v. *Campbell, supra.*\*

Another question posed by appellant Ayers may be stated as follows: Is a copartner of an employing partnership firm barred by the workmen's compensation act from suing, as an employer, an employee of the partnership firm for damages in tort for injuries arising from the same cause for which compensation is payable under the act to such copartner as an employee of the partnership firm?

Absent statutory sanction a working partner is not normally considered an employee of a partnership. The conceptual difficulty of considering a partner both employer and employee has led almost every court to deny compensation. *Brewer* v. *Central Construction Co.,* 241 Iowa 799 (43 NW2d 131). Also, 58 Am Jur, Workmen's Compensation, § 146, p 677; 3 Schneider, Workmen's Compensation (Perm ed, 1943), § 812; Horovitz on Workmen's Compensation (1944), pp 198, 199; 1 Larson, The Law of Workmen's Compensation (1952), § 54.30. Be that as it may, Michigan has specifically provided by statute that a working partnership member may be regarded as an employee. CLS 1956, § 411.7(2) (Stat Ann 1960 Rev § 17.147[2]). His status as an employee under the act has been further clarified by court decision. *Gallie* v. *Detroit Auto Accessory Co.,* 224 Mich 703;

_____
\* See, also, 88 ALR 574 and 122 ALR 550.

*Wilcox* v. *Wilcox Brothers,* 232 Mich 140; *Kramer* v. *Charlevoix Beach Hotel,* 342. Mich 715 (8 NCCA3d 133). While conceding that a working partner in this State has been vested with a dual personality, 2 points must be made concerning appellant Ayers' right to sue as an employer. First, Earl Ayers brought a tort action in his own right and not on behalf of the partnership entity, of which he is a member, and which partnership was in essence the defendant Genter's employer. If Ayers were bringing suit on behalf of the employing partnership firm, he should have joined his copartner as plaintiff. *Kunze* v. *Cox,* 113 Mich 546 (67 Am St Rep 480); *Reed* v. *Gould,* 105 Mich 368 (55 Am St Rep 453). Secondly, while statutory provision (CLS 1956, § 413.15 [Stat Ann 1960 Rev § 17.189]) permits an employer to enforce the liability of a third-party tortfeasor, the employer's rights are no greater than those of his injured employee. The test of liability is whether the employee could have held the tortfeasor liable for his injuries. *Utley* v. *Taylor & Gaskin, Inc.,* 305 Mich 561. As stated before, the employer in this case was the partnership entity. The appellant Ayers as a working partner occupies the position of employee. As such he cannot maintain suit against his coemployee, nor can the partnership maintain a similar action in his stead for the same reason. *Sergeant* v. *Kennedy,* 352 Mich 494.

The plaintiff Anderson's suit differs principally from that of Ayers in that he was not a party to the compensation proceedings in which defendant was found to be an employee of the Ayers' partnership. In spite of the fact that Anderson's participation was that of a witness, appellee suggests that the board's finding with respect to his status should be *res judicata* as to plaintiff Anderson's negligence action as well. However expedient the defendant's proposition may appear in light of the circumstances pre-

sented here, no precedent justifies holding the plaintiff bound by the workmen's compensation ruling. As yet he has not had his day in court. According to the accepted tenets of *res judicata,* participation as a witness in a prior proceeding does not qualify an individual as a party so as to prohibit him from maintaining his own action. *Bania v. Kashmerick,* 324 Mich 596.

Finally, the question left for our consideration is whether the trial court erred in granting summary judgment against appellant Anderson. This depends upon whether there is any fact which appellant Anderson has a right to litigate in the present forum. Based upon the pleadings, it is clear that Anderson claims that Genter was not an employee of Ayers, while Genter asserts the contrary. Other issues are presented as well. Anderson is neither estopped nor otherwise prevented from being heard on these issues.

The judgment as to appellant Ayers is affirmed with costs to appellee; as to appellant Anderson, the judgment is reversed and remanded with costs to appellant.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and ADAMS, JJ., concurred with OTIS M. SMITH, J.

BLACK, J., concurred in the result.