298 So.2d 34

**Virginia Callahan FORD**

v.

**James D. MITCHAM, doing business under the name of F & M Construction Company.**

**Civ. 336.**

Court of Civil Appeals of Alabama.

July 17, 1974.

Johnson & Avary and E. D. Meadors, Lanett, for appellant.

Samford, Torbert, Denson & Horsley, Opelika, for appellee.

WRIGHT, Presiding Judge.

This appeal arises from the dismissal of plaintiff's complaint for benefits under the Workmen's Compensation Law of Alabama for the death of her husband.

The material averments of the complaint are that plaintiff's husband, W. M. Ford, and defendant, James D. Mitcham, were partners doing business as F & M Construction Company; that while acting in the line and scope of his employment, W. M. Ford was involved in automobile accident in which he was killed; that defendant had prompt and immediate notice of the accident; that defendant, or its insuror, paid part of the funeral expenses and paid plaintiff Workmen's Compensation benefits for a period from June 19, 1972, the date of the accident, until July 24, 1972, at which time payments were stopped.

Defendant's demurrer to the complaint was treated by the trial court as a motion to dismiss for failure to state a claim upon which relief can be granted. ARCP 12 (b)(6). The complaint was dismissed on the ground that plaintiff's husband could not at the same time be a partner and an employee of the partnership within the meaning of our Workmen's Compensation Act. Code of Alabama, Title 26, § 253 et seq.

This is a matter of first impression in Alabama, but we are aided by a number of decisions on this point from other jurisdictions. The great majority of these jurisdictions hold that a partner cannot be an employee of his partnership for the purposes of Workmen's Compensation. See 99 C.J.S. Workmen's Compensation § 79 and cases cited in footnote 6.

Some states have enacted statutes specifically providing that a working partner can also be an employee under their Workmen's Compensation Act. See De Martini v. Industrial Accident Commission, 90 Cal. App.2d 139, 202 P.2d 828 [Cal.]; Ayers v. Genter, 367 Mich. 675, 117 N.W.2d 38.

Oklahoma is the only state which we have found to have judicially construed its Workmen's Compensation Act to include a working partner within the meaning of "employer." This decision appears to be an effort by the court to avoid what it considered to be "an exceedingly narrow construction of the act." Louisiana also permits a working partner to recover Workmen's Compensation benefits but this is because, under its civil law system, a partnership is considered to be a separate legal entity. Trappey v. Lumbermen's Mut. Cas. Co., 229 La. 632, 86 So.2d 515. New Jersey has held that a working partner of a limited partnership is entitled to Workmen's Compensation benefits but a working partner of a general partnership is not. The distinction is based on the theory that a limited partnership is closely akin to a corporation and is, therefore, a separate legal entity; whereas, a general partnership is not. Leventhal v. Atlantic Rainbow Painting Co., 68 N.J.Super. 406, 172 A.2d 710.

The purpose of Workmen's Compensation is to place upon industry the burden of disability and death resulting from industrial accidents. It was designed as a substitute for common-law tort actions for personal injuries between master and servant. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530. The act should be liberally construed to carry out its beneficent purposes and reasonable doubts should be resolved in favor of the workman. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796. However, liberality of construction should not proceed to such a point as to amount to judicial legislation.

A mere superficial reading of Title 26, § 253, leaves no doubt that the relationship of employer-employee must exist before benefits can be recovered under the act. The definitions in our statute of employer and employee are not totally clear but they do indicate that a contractual relationship between two parties is essential. These definitions are found in Title 26, § 262:

" . . . (d) The term 'employer' as used herein shall mean every person not excluded by section 263 of this title who employs another to perform a service for hire and to whom 'employer' directly

pays wages, and shall include any person corporation, co-partnership, or association, or group thereof, . . . (g) The terms 'employee' and 'workman' are used interchangeably and have the same meaning throughout this chapter and shall be construed to mean the same . . . . Every person, not excluded by Section 263 of this title in the service of another under any contract of hire, express or implied, oral or written, includes aliens, and also includes minors who are legally permitted to work under the laws of the state . . . ."

The necessity of a contract implicit in the definitions is lacking in the case of a working partner unless the partnership is considered to be a separate legal entity. A contract contemplates negotiations between two parties wherein one party makes an offer and the other either accepts or makes a counteroffer. Negotiations continue until a bargain is reached or the parties are in agreement on the terms. There must be a meeting of the minds and there can be none if there is only one party involved.

A federal court in Alabama, in a decision under the Social Security Act, concluded that Alabama has committed itself to the legal entity theory of partnerships. Kilborn v. Ribicoff, 205 F.Supp. 630, D. C.Ala. aff'd sub nom. Celebeeeze v. Kilborn, 322 F.2d 166, 5 Cir. Although Alabama does recognize a partnership as a legal entity for some purposes such as for the purpose of buying and selling property, the entity theory is not recognized for all purposes. Alabama has adopted the Uniform Partnership Act, Code of Alabama, Title 43, §§ 5(1)–5(43). The Act does require the recognition of the entity concept for some purposes but does not change the common-law theory that the partnership is an aggregate of its individual members. 59 Am.Jur.2d, Partnership § 7. The Act specifically provides that a partner is jointly and severally liable for all wrongful acts or breaches of trust by a partner and all debts and obligations of the partnership. Title 43, § 5(15). In regard

to Workmen's Compensation, this provision would place the partner in the anomolous position of being liable to himself.

■■ In deciding whether the employer-employee relationship exists, the deciding factor is the reserved right of control. An employer must reserve the right to direct the actions of the employee in carrying out the work for which the contract of employment was entered. United States Steel Corp. v. Matthews, 261 Ala. 120, 73 So.2d 239. Each partner has equal rights in the management of the partnership business. He can perform any action he desires subject only to his fiduciary responsibilities to the other partners. A working partner would, therefore, not be subject to the control of anyone other than himself which would present a situation inconsistent with the concept of master and servant.

Further, for benefits to be recovered the accident must arise out of and in the course of employment. Deaton Truck Line v. Acker, 261 Ala. 468, 74 So.2d 717. We find it difficult to imagine how it could be determined that an accident in which a working partner is involved has arisen out of and in the course of his employment. There is no way, as far as we can determine, to distinguish between when a working partner is performing as a partner, and therefore as employer, and when he is performing as an employee. Presumably, everything that a partner does is in the furtherance of the partnership business. Simply because he performs a labor function does not change his status from partner and employer to employee.

■ We agree with appellant that the Workmen's Compensation Act should be construed to carry out its humanitarian function. However, in view of the present state of the law concerning partnerships, we are unable to hold that a working partner is entitled to benefits under the Act. Including working partners within the definition of employee would no doubt be of great benefit to partners in small business-

es in which they engage in the work just as hired workers do and would be a desirable change. However, this result must come from legislative action rather than from judicial decisions as has been done in other states. See De Martini v. Industrial Accident Commission, supra; Ayers v. Genter, supra.

Appellant also argues that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no state of facts in support of his claim which would entitle him to relief. Forbush v. Wallace, 341 F.Supp. 217, D.C.Ala. aff'd, 405 U.S. 970, 92 S.Ct. 1197, 31 L.Ed.2d 246. This is, of course, a correct statement of the law under Federal procedure and our new rules of civil procedure. However, it appears from the fact of the complaint that as a matter of law plaintiff cannot recover since her husband was a partner with the defendant. Therefore, the complaint was properly dismissed and the trial court's decree is hereby affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.