This case involves a declaratory judgment rendered in favor of Royal Globe Life Insurance Company concerning the applicability of an employee exclusion clause in a public liability insurance policy. We affirm.
In connection with a high school vocational education program, Kendall Kelley, a seventeen-year-old student, was employed several afternoons a week in Bickley's Grocery Store. His duties included bagging groceries, stocking shelves, cleaning, and assisting in the store's meat department. In December of 1975, while grinding meat at the store, Kelley sustained personal injuries resulting in the traumatic amputation of his right hand. Because the store employed only three persons, workmen's compensation was not required. Furthermore, the owner had not elected to voluntarily procure such coverage. Suit was filed and, as amended, named Bobby Ray Bickley, individually, as a defendant. Royal Globe sought a declaratory judgment action to determine whether it must defend Bickley in the original action.
The Circuit Court of Barbour County sua sponte reformed the insurance policy so that its named insured was Bickley's Grocery, a partnership composed of Bobby Ray Bickley and his wife. It further found that Kelley was an employee of Royal Globe's named insured and that the employee exclusion provision of the policy precluded Kelley's coverage. Thus, Royal Globe had no obligation to defend Bickley in the pending litigation.
Kelley's main contention is grounded upon the premise that, because his suit is against Bickley individually, the employee exclusion does not apply to him because he is employed by the partnership. Thus framed, the issue for our consideration is whether, for purposes of an employee exclusion provision in a public liability insurance policy, an employee of a partnership is an employee of the individual partners.
In urging a negative answer to this query, Kelley citesUnited States Fire Insurance Co. v. McCormick, 286 Ala. 531,243 So.2d 367 (1970). In McCormick, an injured employee and the personal representatives of a deceased employee were permitted to bring suit against the president, vice-president and foreman of a corporation, notwithstanding an employee exclusion clause similar to the one before us. The Court pointed out that the corporate officers were additional insureds and, because the plaintiffs were employees of the corporation and not employees of its officers, a severability of interest clause permitted plaintiffs' coverage under the policy, despite the employee exclusion clause. See 3 Cum.-Sam.L.Rev. 532 (1972).
The McCormick Court stated:
 "The severability of interests provision requires consideration of each insured separately, independently of every other insured. . . . Applying this provision, the exclusion of an employee must mean that the exclusion of an employee of the insured must be limited to an employee of that particular insured who claims coverage under the policy." 286 Ala. at 540, 243 So.2d at 375.
Royal Globe's policy includes a severability of interest clause which provides in pertinent part:
 "The insurance afforded applies separately to each insured against whom a claim is made or a suit is brought except with respect to the limits of the company's liability."
Kelley urges this Court to apply the rationale of McCormick
and permit suit under the theory that, because Kelley is employed by the partnership, a suit against the partner *Page 563 
individually avoids the employee exclusion; and this for the reason that the exclusion applies only to the "insured" employer — the partnership.
This is a strained interpretation and overlooks two important points. First, the term "insured" should be interpreted consistently throughout the policy because the policy must be read as a whole. Smith v. Kennesaw Life and Accident InsuranceCo., 284 Ala. 12, 221 So.2d 372 (1969); Southern GuarantyInsurance Co. v. Wales, 283 Ala. 493, 218 So.2d 822 (1969); andState Farm Mutual Automobile Insurance Co. v. General MutualInsurance Co., 282 Ala. 212, 210 So.2d 688 (1968).
While it is well-settled that any ambiguities or uncertainties in an insurance policy must be resolved against the insurer, ambiguities are not to be inserted by strained or twisted reasoning. Michigan Mutual Liability Co. v. Carroll,271 Ala. 404, 123 So.2d 920 (1960); and Insurance Company ofNorth America v. Thomas, 337 So.2d 365 (Ala.Civ.App. 1976).
Three provisions in the policy must be read together:
 "Each of the following is an insured under this insurance to the extent set forth below:
 (b) if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof, but only with respect to his liability as such . . ." (Emphasis added.)
 "This insurance does not apply to bodily injury or property damage arising out of the conduct of any partnership or joint venture which the insured is a partner or member and which is not designated in this policy as a named insured." (Emphasis added.)
 "This insurance does not apply to a bodily injury to an employee of the insured arising out of and in the course of his employment by the insured." (Emphasis added.)
A reading of these three sections evinces a clear intent to exclude from coverage under the policy all employees of the partnership, or of the partners. When these sections are read in conjunction with the severability of interest clause, it is evident that the partners and the partnership are together an "insured" within the meaning of that clause. The policy clearly excludes Kelley from coverage in light of the trial Court's finding that ". . . Kelley was at the time of the accident an employee of the insured acting within the line and scope of his employment . . ."
With respect to the severability of interest clause,McCormick is clearly inapposite. The interests of a corporation, a separate legal entity, can be severed more easily from the interests of its officers than can the interests of a partnership, an aggregate of the partners which comprise it. We are not unmindful of the controversy and confusion surrounding the aggregate-entity concepts of partnership. The Uniform Partnership Act, Tit. 43, §§ 5 (1)-(43), Code, and case law adopt the aggregate theory.Seaboard Coastline R.R. Co. v. Gillis, 294 Ala. 726,321 So.2d 202 (1975) (rejecting an argument that a partnership was a "jural entity" separate and apart from its partners); and Fordv. Mitcham, 53 Ala. App. 102, 298 So.2d 34 (1974) (rejecting the contention that a partner could be an employee for workmen's compensation purposes). In Ford, the Court stated:
 "Although Alabama does recognize a partnership as a legal entity for some purposes such as for the purpose of buying and selling property, the entity theory is not recognized for all purposes. Alabama has adopted the Uniform Partnership Act. (Citations omitted.) The Act does require the recognition of the entity concept for some purposes but does not change the common-law theory that the partnership is an aggregate of its individual members." 53 Ala. App. at 105, 298 So.2d at 36.
See Couch on Insurance 2d, § 44:96 (2d ed. 1963).
An examination of early case law reveals references to the entity concept. These cases, however, are limited to their narrow *Page 564 
factual situations. See Capital Transport Co. v. Alabama PublicService Commission, 268 Ala. 416, 108 So.2d 156 (1959); Woodfinv. Curry, 228 Ala. 436, 153 So. 620 (1934); Williams v. Wilson,205 Ala. 119, 87 So. 549 (1920). Ratchford v. Covington CountyStock Co., 172 Ala. 461, 55 So. 806 (1911); and Teague, Barnett Co. v. Lindsey, 106 Ala. 266, 17 So. 538 (1895). Significantly, all these cases pre-date the adoption of the Uniform Partnership Act in Alabama. Therefore, they are not viable authority for the proposition that Alabama adheres to the entity concept of partnership. See Metzger Brothers, Inc.v. Friedman, 288 Ala. 386, 261 So.2d 398 (1971).
Upon reading the insurance policy before us, it is evident the parties intended to insure the business of Bickley's Grocery in whatever fashion it chose to do business. In the same breath, the insurance policy specifically excluded employees of the store from its coverage. Because we view the partnership as an aggregate of the partners, the severability of interest clause does not confer coverage upon Kelley.
For these reasons, the decree of the trial Court, finding Kelley an employee of the named insured, and thus excluded from coverage of the policy, is due to be affirmed.
AFFIRMED.
BLOODWORTH, ALMON, SHORES and EMBRY, JJ., concur.