This is a workmen's compensation case.
The Lauderdale County Circuit Court returned a judgment in favor of the appellee, the widow of the deceased employee. The employer appeals from that judgment. We affirm.
The only issue presented on appeal is whether the accident which caused the employee's death arose out of and was in the course of his employment.
The facts as found by the trial court were as follows: On Sunday, September 5, 1976, R.L. Shook was killed in an accident on the premises of his employer, the Lauderdale County Cooperative, Inc. (the Cooperative). The Cooperative is engaged in the sale of farm supplies. Mr. Shook was, at the time of his death, manager of the Elgin Crossroads Cooperative Branch. The regular store hours were from 7:30 A.M. to 5:00 P.M. from Monday through Friday and from 7:30 A.M. until 12:00 noon on Saturday. The Cooperative was normally closed on Sunday. However, Mr. Shook was frequently called upon to open the Cooperative after hours and on Sunday to service the needs of his customers. Mr. Shook had broad discretionary authority to open the store at hours other than the regularly scheduled store hours to sell supplies to himself and other customers of the store.
On Sunday, September 5, 1976, Mr. Shook went to the store to purchase seed and fertilizer for himself to sow, fix and resod his own cattle pasture. He selected the products he required, wrote out a ticket charging his own account for the supplies, and began to load them on his truck. While loading the supplies, Mr. Shook apparently backed the forklift off the loading platform. The forklift fell on top of him, killing him instantly. *Page 201 
Mr. Shook served no other customers that day and no other employees of appellant were present.
To support his contention that the accident did not arise out of and occur in the course of Mr. Shook's employment, appellant argues that the accident occurred while Mr. Shook was on his own personal business and that he was acting as a customer and not as an employee of appellant in purchasing supplies for his own farming operation. We do not agree.
It should first be pointed out that the Workmen's Compensation Act is remedial in nature and should be given a liberal construction to accomplish its beneficent purpose. Fordv. Mitcham, 53 Ala. App. 102, 298 So.2d 34 (1974).
In construing the phrase "arising out of and in the course of his employment," § 25-5-31, Code of Alabama (1975), the Alabama Supreme Court in Massey v. United States Steel Corporation,264 Ala. 227, 86 So.2d 375 (1955), stated:
 Every case involving these words should be decided upon its own particular facts and circumstances and not by reference to some formula. But it is usually said that the phrase "arise out of" employment refers to employment as the cause and source of the accident . . . We have said that the phrase "in the course of his employment" refers to the time, place and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or engaged in some incident to it.
A claimant's injury may be said to "arise out of" his employment when it had its origin in some risk of the employment. Queen City Furniture Co. v. Hinds, 274 Ala. 584,150 So.2d 756 (1963); Wooten v. Roden, 260 Ala. 606,71 So.2d 802 (1954). Clearly the accident which caused Mr. Shook's death had its origin in a risk of his employment. It is undisputed that Mr. Shook had often opened the store on Sundays and after hours to sell supplies to himself and to other customers and that he had broad discretionary authority to do so. Mr. Shook was killed while performing the same service that he had been called upon to perform on other occasions for other customers.
It is also clear that Mr. Shook's death occurred within his period of employment and at a place where he reasonably might have been. While the accident did occur on a day when the store was not normally open, it is undisputed that Mr. Shook had the discretionary authority to open the store at any time to serve his customers or to buy supplies for his own farm. There is evidence that he did in fact open the store during off hours and that his employer knew of this practice and approved of it.
The question presented by this appeal is whether Mr. Shook, at the time of his death, was reasonably fulfilling the duties of his employment. Massey v. United States Steel, supra.
Appellant contends that Mr. Shook was acting for his own benefit and not as an employee of appellant in purchasing supplies for his own farm. In support of this contention, appellant cites a number of cases in which compensation was denied because the court found that the employee was acting for his own benefit. It is significant, however, that in none of these cases did it appear that the employer derived any benefit from the employees' activities.
We agree that in general, injuries which occur while an employee is acting solely for his own benefit and where his acts are not incident to his employment are not compensable. However, where the acts of the employee are incident to the employment or where there is a benefit to the employer, compensation may be awarded. See 1A Larson, Workmen'sCompensation Law, §§ 20.00, 21.00, 22.00, 27.00 (1979). In the present case there was a very definite benefit to the employer — the sale of the supplies which Mr. Shook purchased. In writing out the sales slip charging the supplies *Page 202 
to his account and in loading the supplies, Mr. Shook was acting not as a customer but as an employee of appellant. He was engaged in the same activities he had performed for other customers on other Sundays. Where an employee is acting in a dual capacity such as employee and customer and the employer derives a benefit from his actions, an injury having its origin in such act may be found to have arisen out of and in the course of employment.
The trial court found that Mr. Shook's injury arose out of and in the course of his employment. That finding is supported by the evidence.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.