477 So.2d 396 (1985)
PRADO NORTH RESIDENCES, LTD. and Gary E. Smith
v.
PRADO NORTH CONDOMINIUM ASSOCIATION, INC.
84-733.
Supreme Court of Alabama.
October 4, 1985.
*397 Ronald L. Stichweh and David J. Vann of Carlton, Vann & Stichweh, Birmingham, for appellants.
Douglas J. Centeno of Najjar, Denaburg, Schoel, Meyerson, Ogle & Zarzaur, Birmingham, for appellee.
JONES, Justice.
This is an appeal from a summary judgment entered in favor of Plaintiff/Appellee Prado North Condominium Association, Inc. (PNCA), and against Appellants Prado North Residences, Ltd. (PNR), and Gary E. Smith. We reverse and remand.
PNCA, a Georgia condominium homeowners' association, recovered a judgment against PNR in the state court of Fulton County, Georgia. PNR is an Alabama limited partnership doing business in Birmingham, Alabama, and Fulton County, Georgia. Gary E. Smith is the general partner of PNR, but was not served in the Georgia proceeding and did not appear therein. PNCA brought an action in the Jefferson County Circuit Court to collect the unpaid Georgia judgment debt, naming both PNR and Gary E. Smith as defendants.
PNCA's motion for summary judgment, based on the pleadings, the affidavit of one of the members of PNCA, and the deposition of Gary Smith, was granted by the trial court. The court's order states:
"The Plaintiff recovered a judgment against one of the Defendants, Prado North Residences, Ltd., in the amount of Seventy Three Thousand, Seven Hundred and Seventy-Eight Dollars and Ninety-One Cents ($73,778.91), on January 1, 1984, in the State Court of Fulton County, Georgia. Prado North Residences, Ltd., is a limited partnership. Gary E. Smith is a general partner of Prado, Ltd. The Plaintiff files suit in Circuit Court of Alabama based on the Georgia judgment and moves for a Summary Judgment against both defendants on the undisputed evidence that a judgment was taken against Prado North Residences, Ltd., in the State of Georgia, and that Defendant Gary E. Smith is a general partner thereof.
"The only question for consideration is whether a Summary Judgment should be entered against Gary E. Smith based upon the undisputed evidence of a judgment against the partnership.
"It is the judgment of the Court that evidence of a judgment against the limited partnership is conclusive upon Defendant Gary E. Smith, its general partner. Title 10-9-50, Code of Ala. (1975); Kelley v. Royal Globe Insurance Company, Inc., 349 So.2d 561 (Ala.1977).
"It appearing that there is no genuine issue as to any material fact and that the Plaintiff is entitled to a judgment as a matter of law, the foregoing Motion for Summary Judgment is granted. A Summary Judgment is rendered in favor of said Plaintiff and against Defendants. It is determined by the Court that there is no just reason for delay and it is directed that this judgment be entered as a final judgment under the provisions of Rule 54(b), ARCP. Any costs incident thereto [are] taxed to the Defendant.
"It is further ORDERED, ADJUDGED AND DECREED that damages in the amount of Eighty-Two Thousand, Six Hundred and Thirty-Two Dollars and Thirty-Eight Cents ($82,632.38) be paid to *398 the Plaintiff by both Defendants, and the costs to be taxed to both Defendants."
PNR and Gary Smith appeal from the entry of summary judgment, claiming that the Alabama circuit court afforded full faith and credit to a foreign judgment without a copy, certified or otherwise, of the foreign judgment being in evidence before the Alabama court. Alternatively, says Appellant Gary Smith, neither was he served nor did he appear in the Georgia proceeding; therefore, he says, the Georgia judgment, even if properly introduced, cannot be the basis of a finding by an Alabama court that he is liable for PNR's judgment debt and the trial court's finding of individual liability violates the constitutional mandate of procedural due process.
Because of our reversal with respect to the evidentiary issue, we could pretermit any consideration of the due process claim. We address this latter question, however, because of its fundamental importance in the context of an individual partner's liability for partnership debts.

The Evidentiary Issue
Our review of the case law in Alabama reveals a recurring holding in cases involving an attempt to enforce, in an Alabama court, a judgment rendered in another state. We find that it has long been the law in Alabama that in order to obtain enforcement of a foreign judgment, a certified, exemplified, or otherwise properly authenticated copy of that judgment must be before the Alabama court and, therefore, must be a part of the trial record. See, for example, Wheeler v. Buck, 452 So.2d 864 (Ala.Civ.App.1984); MacLeod v. MacLeod, 448 So.2d 361 (Ala.Civ.App.1983); Mitchell v. Mitchell, 437 So.2d 122 (Ala.Civ.App. 1982); Wyatt v. Falhsing, 396 So.2d 1069 (Ala.Civ.App.1981); Kroger Co. v. Puckett, 351 So.2d 582 (Ala.Civ.App.1977); Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194 (1963); Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914).
The strict adherence over the years to the requirement of having a properly authenticated copy of the foreign judgment before the court in which it is sought to be enforced is not a matter of territorial arrogance or distrust. Indeed, state courts are
"obliged by the federal mandate to accord to such [foreign] judgment the faith, credit, and respect that would be accorded it in and by the courts of the sister state in which such judgment was rendered." Forbes v. Davis, supra, 187 Ala. at 74, 65 So. at 517.
Yet, the certified copy requisite provides the opportunity for the enforcing court to determine whether the court rendering the judgment had the jurisdiction to do so.
In the instant case there was some confusion with regard to the copy of the judgment sought to be enforced. While PNCA's complaint alleged that a copy of the Georgia judgment was attached, it was later determined that through a clerical error no copy was ever attached to the complaint. In a letter to the clerk of the trial court, PNCA's lawyer notified the court of the error and further stated, "I have enclosed herein and properly stamped as Exhibit `A' the original Certificate of Judgment from the State of Georgia which needs to be attached to Plaintiff's Complaint as Exhibit `A.'"
We note, however, that the document filed with the court was not the required copy of the Georgia judgment but was, instead, a copy of the "writ of fieri facias" to the marshal of the State Court of Fulton County directing that Georgia court officer to execute on a judgment entered for PNCA and against PNR. This court document, while referring to the judgment PNCA now seeks to enforce, is not a properly authenticated copy of the Georgia judgment (by which that court's jurisdiction over the parties and/or subject matter would have been determined) and cannot be substituted therefor.

The Due Process Issue
We now address the propriety of imposing individual liability on PNR's general partner, Gary Smith, based on the Georgia judgment against the partnership. *399 Before we address this ultimate due process issue, we will discuss what we perceive to be a point of uncertainty in applying Alabama's partnership laws.
Both by statute and by case law Alabama subscribes to the "entity concept" with regard to both general and limited partnerships. The partnership entity concept was specifically recognized by this Court in 1977 when it criticized earlier cases rejecting a partnership/partner entity theory and held:
"The interests of a corporation, a separate legal entity, can be severed more easily from the interests of its officers than can the interests of a partnership, an aggregate of the partners which comprise it. We are not unmindful of the controversy and confusion surrounding the aggregate-entity concepts of partnership. The Uniform Partnership Act, [Code 1975, §§ 10-8-1 through 10-8-98], and case law adopt the aggregate theory. Seaboard Coast Line R.R. Co. v. Gillis, 294 Ala. 726, 321 So.2d 202 (1975) (rejecting an argument that a partnership was a `jural entity' separate and apart from its partners); and Ford v. Mitcham, 53 Ala.App. 102, 298 So.2d 34 (1974) (rejecting the contention that a partner could be an employee for workmen's compensation purposes)." Kelley v. Royal Globe Insurance Co., 349 So.2d 561, 563 (Ala.1977).
The Alabama statutes governing limited partnerships are derived from the Uniform Limited Partnership Act and provide, for example, that
"[e]xcept as provided in [chapter 9A of Title 10] or in the partnership agreement, that a general partner of a limited partnership has the rights and powers and is subject to the restrictions and liabilities of a partner in a partnership without limited partners." Code 1975, § 10-9A-62, as amended in 1983 (1984 Cum.Supp.).
Section 10-8-52(2), in turn, provides that "[a]ll partners are liable ... [j]ointly and severally for all debts and obligations of the partnership, except as may be otherwise provided by law."
Appellee relies on the application of the entity concept to the instant facts to support its contention of "several" liability on the part of Gary Smith for the partnership debt as evidenced by the Georgia judgment against the partnership. This Court in Kelley, however, went on to quote from the Ford case:
"`Although Alabama does recognize a partnership as a legal entity for some purposes such as for the purpose of buying and selling property, the entity theory is not recognized for all purposes. Alabama has adopted the Uniform Partnership Act. (Citations omitted.) The Act does require the recognition of the entity concept for some purposes but does not change the common-law theory that the partnership is an aggregate of its individual members.' 53 Ala.App. at 105, 298 So.2d at 36." Kelley v. Royal Globe Insurance Co., 349 So.2d at 563.
Even if we were to assume, for the sake of this discussion, that the Georgia judgment had been validly proved before the Alabama court, there is no record that Gary Smithan individual member of the limited partnership aggregatewas either served with notice of, or appeared in, a trial on the merits of the liability which is the basis of the Georgia judgment. Admittedly (also for the sake of discussion), because Smith had very minimum contacts with the PNR project in Georgia and did not participate in the daily operations of PNR, the Georgia court did not have in personam jurisdiction over him. This fact, however, does not obviate the necessity of initial compliance with the requirements of due process of law. That is to say, PNCA is precluded from enforcing against Smith a partnership judgment debt when Smith has had no opportunity to defend either himself or the partnership on the question of liability for that debt.
When presented with facts of a similar nature, the Fifth Circuit Court of Appeals held:
"The error of the District Court was the failure carefully to distinguish between liabilities of a partnership and the *400 obligation of an unserved general partner to respond personally for such liabilities.
"....
"But in partnership law the establishment of the personal unlimited liability of the general partner requires a legal proceeding in which (whether local practice requires him to be named personally or not) the individual partner thus pursued is personally served with process or notice. This is so because he must have an opportunity to contest the claim on its merits." Detrio v. United States, 264 F.2d 658, 661 (5th Cir.1959).
The rationale for affording an individual due process of law was well stated in the early case of Zeigler v. South & North Alabama R.R. Co., 58 Ala. 594, 599 (1877):
"Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law."
By holding Smith individually liable for the partnership judgment debt, the Alabama trial court necessarily "conclusively presumed" the question of liability against Smith without affording him the opportunity to contest PNCA's claim against him on its merits. Smith's property rights were clearly jeopardized by the judgment belowyet Smith has never been heard in defense of his position on the merits of PNCA's claim against him and the limited partnership.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and BEATTY, JJ., concur.
ADAMS, J., concurs specially.
SHORES and HOUSTON, JJ., not sitting.
ADAMS, Justice (concurring specially).
I concur specially to point out that I do not interpret the decision rendered herein to imply that the defendant Gary E. Smith cannot be sued individually and a judgment obtained against him in Alabama provided he is afforded procedural due process. I interpret the holding here to mean that defendant Smith cannot be held personally liable merely by the obtaining of a judgment against the general partnership in Georgia.