PETITION FOR WRIT OF MANDAMUS
ALMON, Justice.
This is a petition for a writ of mandamus ordering the respondent trial judge to set aside an order requiring petitioners to deposit with the trial court “all documents of title, stock certificates, notes, mortgages, contracts, instruments, deeds, and other documents or instruments evidencing or representing ownership by [petitioners, defendants below], or either of them, in any asset, said assets to be held in escrow by the clerk of this Court,” pending execution on the assets by the plaintiff, in whose favor the trial court had entered summary judgment for $818,000.00, or satisfaction of the judgment by petitioners.
Petitioners are Terry W. Chandler and Chandler & Associates, Inc. They were sued by First Southern Development Company on a $2.1 million note executed by a partnership of which Chandler & Associates was 25% owner/partner and First Southern Development was 75% owner/partner. Chandler executed a personal guaranty on the note. This Court has previously issued a writ of mandamus in this action. Ex parte Chandler, 477 So.2d 360 (Ala.1985).
After the trial court entered summary judgment for First Southern Development on January 8, 1986, Chandler, on January 24, sold all of the stock of Chandler & Associates to a third party. On February 6, First Southern Development filed a motion for an order of immediate execution pursuant to Code 1975, § 6-9-22, and Rule 62(a), A.R.Civ.P., or, in the alternative, an order compelling delivery of defendants’ assets to court during the automatic stay of execution imposed by Rule 62(a). The motion alleged that First Southern Development had intended to execute on Chandler’s stock in Chandler & Associates and that First Southern Development had “no means of ascertaining whether Defendants are liquidating other valuable assets” and was entitled to the relief sought under *64 § 6-9-22. The trial court did not order immediate execution but granted the alternative relief as set forth above.
Chandler is a resident of Florida. He argues that the trial court did not have the authority to order him to bring his assets into Alabama so that First Southern Development could execute on them. This argument is correct. The proper way to execute on property in a state other than that rendering the judgment is to take the judgment to the state where the property lies, sue on it as on a debt, obtain a judgment, and execute on the domestic judgment. Prado North Residences, Ltd. v. Prado North Condominium Association, Inc., 477 So.2d 396 (Ala.1985); French v. Steel, Inc., 445 So.2d 561 (Ala.1984); Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883 (1931). “Foreign judgments are not liens and are not entitled to execution in the state to which they are brought.” Milwaukee County v. M.E. White Co., 296 U.S. 268, 276, 56 S.Ct. 229, 234, 80 L.Ed. 220 (1935).
An Alabama circuit judge could not order an Alabama sheriff to go to Florida and seize a Florida resident’s assets located there, even though the court may have acquired personal jurisdiction over the Florida resident through some contacts he has with Alabama relative to the lawsuit. The order in the instant case, to the extent that it may be read to require Chandler to bring assets from Florida to be held in escrow for execution under Alabama process, exceeds the jurisdiction of the court.
The order in its terms, however, does not refer to the location of the property to be deposited with the court. In the materials before us on this petition for mandamus, the only specific reference to the location of Chandler’s property is the following, from a “motion to stay execution pending ruling on motion to reconsider and pending appeal”:
“All assets of the Defendant [sic] to the best of this attorney’s belief and understanding are located in the State of Florida and execution would only be possible in that state after domestication of this judgment in the State of Florida....”
This statement is not as persuasive as an affidavit to the same effect by Chandler would be. Section 6-9-22 requires the party seeking immediate execution to show “sufficient cause therefor by affidavit,” and First Southern Development filed such an affidavit. It is only proper to require an affidavit by Chandler in opposition to the motion. In the event Chandler does have property in Alabama, the order would be proper and effective as to such property.
Moreover, we note that the motion for immediate execution was made to preserve the status quo during the 30-day stay of execution provided in Rule 62(a). That stay has long since expired. Chandler has filed an appeal in this Court from the summary judgment on which First Southern Development is attempting to execute, but he has not filed a supersedeas bond in that appeal. Together with this petition, Chandler and Chandler & Associates filed a request for immediate stay of the order requiring the deposit of assets. This Court granted such a stay. First Southern Development, in turn, requested that the stay be conditioned upon the filing of a bond, and this Court granted that request, ordering that the stay would expire unless petitioners filed a $250,000 bond in the trial court. Chandler apparently has filed such a bond in the circuit court.
We would be inclined to deny the writ, conditioned on the understanding that the order does not apply to any property located outside of Alabama, because mandamus is an extraordinary writ, because the order is not improper on its face, and because Chandler has not filed an affidavit that would show a clear right to the writ. A denial of the writ, however, might be construed as allowing First Southern Development to collect on the bond. Because the petition has evoked a ruling that Chandler cannot be ordered to bring property from Florida into Alabama for execution, petitioners have succeeded in obtaining the relief sought. In order to clarify that the stay was proper, at least to the extent that *65 Chandler could not have been held in contempt for refusing to bring instruments of title from Florida, we determine that the writ should be granted. If Chandler has any property in Alabama, First Southern Development is free to execute upon it at this time even without the order requiring Chandler to bring his property into court.
The writ is hereby granted. The circuit judge is ordered to set aside the order requiring Chandler and Chandler & Associates to deposit all documents of title, etc., with the Mobile County Circuit Court.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, BEAT-TY, and HOUSTON, JJ., concur.