**In re Hugh Don CAMP, Debtor.**

**Max C. Pope, Trustee, Plaintiff,**

**v.**

**Tony Gordon, Tim Gordon and Julian Gordon, Defendants.**

**Bankruptcy No. 01–06844–TBB–7.
Adversary No. 03–00254.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Dec. 20, 2005.

William Dennis Schilling, for Trustee, Plaintiff.

R. Scott Williams, Haskell, Slaughter, Young and Johnston, Birmingham, AL, for Defendants.

### Memorandum Opinion

THOMAS B. BENNETT, Bankruptcy Judge.

### I. Certification's Reprise

In the context of resolving the declaratory judgment sought by the Trustee of the Bankruptcy estate of Hugh Don Camp, Max C. Pope, (hereinafter the Trustee) this Court issued a memorandum opinion, reported as *In re Hugh Don Camp*, 310 B.R. 634 (Bankr.N.D.Ala.2004), in which this Court resolved in the summary judgment context all but one contested issue. Those ruled upon are encompassed by this Court's holding that various judgments entered by a United States District Court in Mississippi had been domesticated as Alabama judgments, but not perfected for lien purposes under three of four means by which one may perfect liens predicated on domesticated judgments. The undecided issue of law was one of the correct interpretation of an Alabama statute which this Court determined was susceptible to multiple interpretations. As a result, the issue of its Alabama interpretation was certified to the Supreme Court of Alabama.

### II. The Antecedents

#### A. No Property, No Lien

Tony Gordon, Tim Gordon, and Julian Gordon, the Defendants, (hereinafter the Gordons) attempted to enforce Mississippi federal court judgments (hereinafter the Mississippi Federal Judgments) by attempting to create and perfect judicial liens against real properties owned by Hugh Don Camp, the debtor, in five Alabama counties: Tuscaloosa, Baldwin, Etowah, St. Clair, and Blount.

In connection with the challenge to these liens by the Trustee of the Hugh Don Camp bankruptcy estate, this Court held that the resolution of the existence and perfection of such liens in two counties, Tuscaloosa and Baldwin counties, was mooted by the fact that, at the relevant time period, Mr. Camp owned no real properties in either county.

#### B. Law Clear and Unclear

As for the determinative issues of whether the Gordons successfully obtained and perfected liens against properties owned Mr. Camp in Etowah, St. Clair, and Blount Counties, this Court has had to determine whether any of four (4) methods for perfecting a lien premised on a foreign, federal judgment had been satisfied. One means is common law based and the others are statutory creations. The first statutory manner for enforcing a foreign, federal judgment in Alabama entails the interplay between a statute of the United States, 28 U.S.C. § 1963 (2004), and that of Alabama, Ala.Code § 6–9–210 (1993). The last two statutory methods are set forth in Alabama's Uniform Enforcement of Foreign

Judgments Act, Ala.Code §§ 6–9–230 to – 238 (1993 & Supp.2003) (hereinafter the AUEFJA).

### 1. Common, But the Law Not Followed

■ In order to comply with Alabama's common law method of obtaining and perfecting a lien in Alabama based on a foreign judgment, federal or state, the holder of the foreign judgment must file suit in an Alabama circuit court and obtain an Alabama court's judgment founded on the foreign judgment. *Camp,* 310 B.R. at 642 citing *Ex parte Chandler,* 494 So.2d 63 (Ala.1986). This Court held that the Gordon's domestication activities in Etowah, St. Clair, and Blount counties failed to comport with Alabama's common law suit domestication requirements. *See Camp,* 310 B.R. at 642–44. As a result, this means for domestication of the Mississippi Federal Judgments will not support any actions required to perfect a lien.

### 2. Statutory Conundrum, But not Titillating—Pieces, Yet not the Whole

#### (a) 28 U.S.C. § 1963's Registration and Ala.Code § 6–9–210's Perfection by Recording

■ The interplay between 28 U.S.C. § 1963 and Ala.Code § 6–9–210 permits enforcement of a foreign, federal judgment in Alabama if two requisites are satisfied. Under 28 U.S.C. § 1963, a foreign, federal judgment can be domesticated in an Alabama federal court if a certified copy of the foreign, federal judgment is filed in the United States district court where it is sought to be domesticated. *See* 28 U.S.C. § 1963 (2004). This filing has the same effect as if the judgment had been rendered by the district court where filed. *Camp,* 310 B.R. at 640 citing *Leasco Response, Inc. v. Wright,* 99 F.3d 381 (11th Cir.1996). After the foreign, federal judgment is properly filed, the judgment holder may utilize Alabama Code § 6–9–210 (1993). Alabama Code § 6–9–210 (1993) allows a holder of a judgment rendered by an Alabama federal court to record in the Probate Office of any county in Alabama the certificate of judgment issued by the clerk of the federal court located within Alabama. This Court determined that the Gordons did not properly domesticate the Mississippi Federal Judgments under 28 U.S.C. § 1963. Therefore, they could not rely on the provisions of Ala.Code § 6–9–210 to enforce their claims against real properties of Mr. Camp and his bankruptcy estate. *Camp,* 310 B.R. at 640–41.

#### (b) AUEFJA: Domesticated, Yet Not Perfected

■ Under the AUEFJA a party must first domesticate a non-Alabama, state or federal court's judgment, and then create and perfect liens against Alabama properties arising from the AUEFJA domesticated, foreign judgment. A foreign, federal judgment can be domesticated under AUEFJA by filing and docketing the statutorily mandated authentication documents along with the affidavit dictated by the provisions of *Ala.Code* §§ 6–9–232, –233 (1993 & Supp.2003). This would have had to have been done in at least one of Etowah, St. Clair, or Blount County, Alabama. This Court held that the Mississippi Federal Judgments had been properly domesticated under the AUEFJA. *Camp,* 310 B.R. at 644–45. However, this is only part of what is needed to enforce a foreign, federal judgment via lien perfection against Alabama located properties. After having concluded that the Mississippi Federal Judgments had been properly domesticated in Alabama via the AUEFJA process, the two AUEFJA methods for perfecting a lien against a judgment debtor's property were analyzed. *Camp,* 310 B.R. at 645–47.

*(i) Domestication Plus Certificate of Judgment from an Alabama Circuit Court, Alabama Code § 9–6–232*

■ One AUEFJA sanctioned method for perfecting a lien requires obtaining a certificate of judgment from the clerk of the circuit court of the Alabama county where the authenticated foreign, federal judgment and affidavit have been filed. The certificate of judgment must then be filed in the Probate Office of each Alabama county where a lien against real property interests is desired to be created and perfected. *See Ala.Code §§ 6–9–210, –211, and –232.* This Court ruled that this method was not complied with because the Gordons did not receive and file a certificate of judgment issued by a circuit court clerk of any Alabama county. *Camp* 310 B.R. at 644–47.

*(ii) Domesticated Judgment Coupled with Filing What? With the Probate Court, Alabama Code § 6–9–237*

The second Alabama means for enforcement of a domesticated foreign judgment under the AUEFJA is set forth in Ala. Code § 6–9–237. It is a non-uniform portion of Alabama's enactment of the Uniform Enforcement of Foreign Judgments Act. This court was not able to determine whether the Gordon's actions complied with this section's provisions because, on its face, this non-uniform provision is ambiguous. It may be read to require the holder of a foreign judgment to file in a probate office either a copy of the authenticated foreign judgment, or an authenticated copy of the foreign judgment, or merely a copy of the foreign judgment. In order to determine whether the Gordons satisfied this statute by merely filing copies of the Mississippi Federal Judgments in the Probate Office of each of Etowah, St. Clair, and Blount Counties, this Court respectfully certified the issue of the correct interpretation of the Ala.Code § 6–9–237 to the Supreme Court of Alabama and the Honorable Justices. The certified question was as follows.

Pursuant to the certification provision of the Alabama Constitution, Ala. Const. art. VI, amend. 328, § 6.02(b)(3), and Rule 18 of the Alabama Rules of Appellate Procedure:

Does Ala.Code § 6–9–237 require the filing of (i) an unauthenticated or unexemplified copy of a foreign judgment in the Probate Office, (ii) a mere copy of the authenticated foreign judgment which was filed in the Alabama circuit court clerk's office, or (iii) an authenticated copy of such foreign judgment?

### III. The Desideratum—Authenticated

The Supreme Court of Alabama responded in its opinion, *Pope v. Gordon,* 2005 WL 1415329 (Ala.2005), and concluded:

Section 6–9–237 requires that for purposes of recording a foreign judgment in the probate court an authenticated copy of the foreign judgment that has been authenticated and properly filed in a circuit court for domestication under the Act be filed in the probate office of the county in which the foreign judgment was filed for domestication.

### IV. The Residuum

■ Based on the Supreme Court of Alabama's interpretation of Ala.Code § 6–9–237, none of the Gordons' filings in any of the offices of the clerks of the respective Probate Courts of Etowah County, St. Clair County and Blount County, Alabama complied with the requirements of Ala. Code § 6–9–237. The Gordons recorded mere copies of the Mississippi Federal Judgments, not the necessary authenticated copies. Since the Gordons have failed

to satisfy this and the other procedures for perfection of a judgment lien against real property under Alabama law, this Court holds that the Gordons did not perfect judicial liens against the real properties of Hugh Don Camp located in Etowah, St. Clair, and Blount Counties, Alabama. Therefore, based on this court's prior ruling as set forth in *In re Hugh Don Camp*, 310 B.R. 634 (Bankr.N.D.Ala.2004), coupled with the decision of the Supreme Court of Alabama, there is no genuine issue of material fact. Summary judgment is granted as a matter of law in favor of the Trustee, Max C. Pope, and against the Gordons. Accordingly, the Gordons do not possess a perfected lien premised on the Mississippi Federal Judgments against any real properties of the bankruptcy estate of Hugh Don Camp located in Etowah County, St. Clair County, and Blount County, Alabama. A separate judgment order consistent with this opinion is to be entered simultaneously with the docketing of this memorandum opinion.